**Marvin Lee KATES, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 24785.

Missouri Court of Appeals,
Southern District,
Division 1.

July 24, 2002.

Marvin Lee Kates, Appellant pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nicole E. Gorovsky, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

Marvin Lee Kates ("Movant") was charged with one count of abuse of a child in violation of Section 568.060, two counts of statutory sodomy in the second degree in violation of Section 566.064, and one count of victim tampering in violation of Section 575.270.[1] Following a bench trial, Movant was found guilty of abuse of a child and two counts of statutory sodomy in the second degree, and was sentenced to a total of six years imprisonment. His conviction was affirmed on appeal in April 2000. Movant, thereafter, pursuant to Rule 29.15[2] filed a motion for post-conviction relief, which was later amended. The motion court denied relief following an evidentiary hearing. Movant appeals.

■ Our review of the motion court's denial of post-conviction relief is not a de novo review; rather, the findings of the motion court are presumptively correct. See *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Review of the denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *Leisure v. State*, 828 S.W.2d 872, 873–74 (Mo. banc 1992). The findings and conclusions of the motion court are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *State v. Vinson*, 800 S.W.2d 444, 448 (Mo. banc 1990); *George v. State*, 973 S.W.2d 114, 115 (Mo.App. S.D.1998).

■ To prevail on a claim of ineffective assistance of counsel, a movant must show that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *State v. Kelley*, 953 S.W.2d 73, 91 (Mo.App. S.D.1997). Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

■ In his sole point on appeal, Movant claims that the motion court erred in denying all of the claims that were raised in his amended motion for post-conviction relief. Movant first contends that his trial counsel was ineffective for not withdrawing from the case after he received a phone call from one of the victims in the case. Movant argues that trial counsel should have

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. All rule references are to Missouri Rules of Criminal Procedure (2002), unless otherwise indicated.

withdrawn and served as a witness for the defense.

Movant's stepson, D.W., who was one of Movant's sodomy victims, called Movant's trial counsel and expressed concern about testifying in Movant's case. D.W. had testified in his mother's trial[3] and "suggested" to trial counsel that he had lied. Trial counsel thought D.W. was concerned about a possible perjury prosecution.

Trial counsel testified at the evidentiary hearing that he had discussed with Movant the possibility of trial counsel becoming a witness, and gave Movant the option of having him continue as trial counsel or withdrawing as counsel right before trial and acting as a witness. Trial counsel felt that since it was so close to the trial date, and Movant had "paid [him] a lot of money to represent him" that he would help Movant more as a lawyer than a witness. He described D.W. as an "unguided missile" who could readily be impeached. He testified that there must have been an agreement with Movant to have him continue as his attorney, or he would not have proceeded with the trial.

At Movant's trial, D.W. did not deny making the statements, and trial counsel was successful in impeaching D.W. Trial counsel testified that if D.W. had denied making the statements, he would have certainly withdrawn at that point in order to testify as a witness.

The motion court concluded:

Counsel made a strategic decision to remain in the case as [Movant's] counsel, with [Movant's] tacit or explicit concurrence, rather than leave him without counsel a few days before trial, and to impeach [D.W.] with his statements. Had [D.W.] denied the statement and it become necessary for him to be a witness in the case, [trial counsel] testified

that he would have withdrawn as counsel at that point. However, that necessity did not arise and Movant cannot establish that he was prejudiced by counsel's actions. On the contrary, Movant appears to have had his cake and eaten it too.

The findings and conclusions of the motion court are not clearly erroneous. Movant is unable to show that he was prejudiced in any way by his trial counsel's actions. D.W. was impeached on the stand, and Movant was able to retain the counsel that he had specifically chosen to hire. If trial counsel had withdrawn and testified at Movant's trial, the best thing that would have happened would have been for D.W. to be impeached. Because D.W. was impeached at trial without trial counsel's withdrawal, it is impossible that the outcome of Movant's trial would have been any different had trial counsel withdrawn. Movant's claim, therefore, is without merit.

■ Movant also contends that the motion court erred in denying his claim that his trial counsel was ineffective for not calling S.W., the brother of the two victims, to testify at trial. Movant argues that S.W.'s testimony would have impeached the testimony of his two brothers.

S.W. was the youngest brother who lived with the victims and Movant at the time of the sexual and physical abuse. He repeatedly denied during preliminary proceedings that he had been abused by Movant, but acknowledged that he had been a witness to Movant's abuse of his two older brothers.

At the post-conviction motion hearing, when asked why he had not called S.W. to testify, trial counsel stated, "You better believe [I chose not to call S.W.]. I think I

---

**3.** Mother was convicted on three felony charges of endangering the welfare of a child.

would have been an idiot to call [S.W.] to the witness stand." Trial counsel testified that S.W. was the youngest, most "fragile," "most susceptible to pressure" of all the brothers, and that he was concerned that S.W. might recant his denial that he had been abused and do serious damage to Movant's case. Furthermore, trial counsel testified that in the best case, S.W. would still confirm his brothers' claims of abuse by stating that he had witnessed it.

■ Here, the motion court did not err in finding that "it certainly cannot be said that failure to call [S.W.] was detrimental to the Movant's case or that counsel acted below the standard of a reasonably competent attorney in the same circumstances." A decision not to call a witness is presumed trial strategy unless clearly shown to be otherwise. *State v. Clay*, 975 S.W.2d 121, 143 (Mo. banc 1998). Such strategic choices are virtually unchallengeable. *State v. Kenley*, 952 S.W.2d 250, 266 (Mo. banc 1997). Here, Movant has failed to prove that trial counsel's failure to call S.W. was anything other than reasonable trial strategy. Movant's claim must fail.

■ Movant next claims that trial counsel was ineffective for not presenting evidence of the fact that no DNA evidence was found on a washcloth that D.W. may have used to clean himself after being sodomized. Movant argues that this evidence would have refuted D.W.'s testimony.

At trial, D.W. testified that during one incident of sodomy, Movant had ejaculated on D.W.'s leg and that D.W. had wiped off the ejaculate with a tan washcloth. During a search of Movant's home, the police found a tan washcloth, but it tested negative for semen.

Regarding Movant's claim, the motion court held:

There was no evidence at the hearing or the trial that the washcloth had, in fact, not been washed or that the washcloth taken and tested was the same washcloth that [D.W.] had used. There was no evidence presented at the hearing that the absence of semen on the washcloth tested would have been dispositive of any issue in the case. When asked whether or not the absence of semen on the washcloth would have refuted [D.W.'s] testimony, trial counsel answered "No". [sic] He later went on to point out several other instances when [D.W.'s] testimony on various points had been refuted.... Again, the decision to present or not to present specific evidence is a matter of trial strategy. There has been no showing by Movant that trial counsel's decision in this instance was "below the customary skill and diligence that a reasonable, competent attorney would have performed under similar circumstances". [sic] *Vogel v. State*, 31 S.W.3d 130 (Mo.App. W.D. 2000). There is also no basis on which to conclude that the failure to introduce the washcloth evidence prejudiced Movant and effected the outcome of the trial.

As the motion court stated, "the decision to present or not to present specific evidence is a matter of trial strategy." *See Payne v. State*, 21 S.W.3d 843, 845 (Mo. App. E.D.1999) ("The selection of witnesses and the introduction of evidence are questions of trial strategy."). A movant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Kenley*, 952 S.W.2d at 266; *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (noting that a movant's burden to overcome the presumption of effectiveness is heavy).

In the instant case, Movant has not overcome the presumption that trial coun-

sel's decision not to present the evidence was one of reasonable trial strategy. At the evidentiary hearing, trial counsel testified that his decision not to introduce the evidence was one of trial strategy, and that he did not believe the evidence would have been helpful to Movant's case as "some time had passed between the alleged event and the collection of the evidence." He also stated that "if there was nothing on [the washcloth] then, [he] didn't think that it was going to have much if any impact on the court."

■ Further, Movant has not shown that he was prejudiced by trial counsel's decision not to present this evidence. In order to show that trial counsel was ineffective in failing to call a witness to present evidence, Movant must prove that the testimony would have presented a viable defense. *See Vinson,* 800 S.W.2d at 448–49. Here, the fact that the tested washcloth contained no semen would not have provided Movant with a viable defense because it was not known if the tested washcloth had been washed following the assault, or even if it was the same washcloth that D.W. had used. Movant's claim, therefore, is without merit.

■ Movant also contends that trial counsel was ineffective "when he allowed the trial court to follow sentencing guidelines that were amended after the commission of the crimes but prior to sentencing, and provided for a more sever [sic] penalty than the ones in effect at the time the offense was committed." Movant, however, failed to raise this issue in his motion for post-conviction relief. "Grounds for relief not listed in the post-conviction motion are waived." *Yoakum v. State,* 849 S.W.2d 685, 689 (Mo.App. W.D.1993). Movant's claim, therefore, is denied.

■ Movant also argues that the motion court erred in denying his claim that

his appellate counsel was ineffective for failing to "raise on direct appeal, issues preserved for review, and the filing of a 'cursory' brief listing only a totally unfounded claim." Movant did not raise this general claim in his motion for post-conviction relief, and fails to specify in his point on appeal or the argument section of his brief what claims he believes his appellate counsel should have raised. As stated above, "[g]rounds for relief not listed in the post-conviction motion are waived." *Yoakum,* 849 S.W.2d at 689.

■ Movant, however, did raise one claim in his post-conviction motion regarding appellate counsel. In that claim, he contended that appellate counsel was ineffective for failing to raise on direct appeal the refusal of the trial court to permit certain evidence of the victims' past violent behavior. On that issue, the motion court held:

At no time during the evidentiary hearing did Movant explain specifically what evidence he had been precluded from introducing at the trial that would have significantly effected the outcome of the case. An examination of the record indicates that the trial court admitted incidents which were reasonably relevant to the events charged and were not remote in time....

....

... None of the incidents excluded by the [trial court] would have been admissible as presented at trial. A witness cannot be impeached with prior bad acts not resulting in conviction unless the inquiry shows (1) a specific interest, (2) a possible motivation to testify favorably for the State or against the [d]efendant, (3) an expectation of leniency. *State v. Wolfe,* 13 S.W.3d 248 (Mo. banc 2000). Appellate counsel was not ineffective for failing to raise this issue on direct ap-

peal when there was no [trial] court error.

In order to prove that he was deprived of the effective assistance of counsel on appeal, Movant must show (1) that the actions of his appellate attorney were outside the wide range of professionally competent assistance, (2) that appellate counsel's errors were so severe that counsel was not functioning as the counsel guaranteed to Movant by the Sixth Amendment, and (3) that appellate counsel's deficient performance resulted in prejudice. *Franklin v. State*, 24 S.W.3d 686, 690–91 (Mo. banc 2000). To support a claim of ineffectiveness, strong grounds must exist showing that appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized and asserted it. *Id.*

Here, the motion court's findings and conclusions of law are not clearly erroneous as Movant has failed to establish that he was denied effective assistance of appellate counsel. Movant's claim would not have required reversal had it been raised on appeal because the evidence Movant sought to introduce at trial was inadmissible in that it was not proper impeachment evidence and was too remote in time to be relevant. *See Wolfe*, 13 S.W.3d at 258 ("[I]mpeaching testimony should be confined to the real and ultimate object of the inquiry, which is the reputation of the witness for truth and veracity.... In other words, specific acts of misconduct, without proof of bias or relevance, are collateral, with no probative value."). Movant has also failed to prove that he was prejudiced by not having this evidence admitted at trial. Movant was permitted to introduce examples of the victims' prior violent behavior that were not remote in time and were relevant to the charged incidents. Consequently, Movant's claim must fail.

The judgment of the motion court is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.