**John Calvin WRIGHT, IV,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

**No. 25244.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 17, 2003.

Motion for Rehearing or Transfer Denied
Jan. 9, 2004.

Application for Transfer Denied
Feb. 24, 2004.

F. Randall Waltz, Waltz & Associates, Jefferson City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

John Calvin Wright, IV ("Movant") was convicted by a jury of second-degree murder, a violation of Section 565.021,[1] and armed criminal action, a violation of

---

1. References to statutes are to RSMo (2000) unless otherwise indicated.

Section 571.015, in connection with the death of Johnny Bob Melton ("Victim"). The trial court sentenced Movant, in accordance with the jury's recommendation, to fifteen years imprisonment for second-degree murder and five years imprisonment for armed criminal action, with the sentences to be served consecutively. Movant's direct appeal resulted in our affirming his conviction in an unpublished memorandum opinion. *State v. Wright,* No. 22308 (S.D. August 6, 1999). Movant subsequently sought post-conviction relief by filing a Rule 29.15 [2] motion, claiming that his trial counsel provided ineffective assistance. The motion court denied this motion, following an evidentiary hearing. Movant now appeals from that denial. We affirm.

Viewed in the light most favorable to the verdict, the evidence at trial revealed the following. On August 5, 1996, Movant was driving his car through Forsyth, Missouri on his way to the home of his girlfriend, Mesa Owen ("Owen"), when he saw Victim at a pay phone. Victim and Movant had been childhood friends, but their relationship had been strained in the years immediately preceding due to Movant's relationship with Owen, of which Victim vehemently disapproved. When Victim saw Movant driving by, he yelled at him and challenged him to a fight. Movant ignored Victim, however, and continued on his way to Owen's house. When he arrived, he brought into the residence a handgun that was in his vehicle.

Victim arrived at Owen's home five to ten minutes after Movant, and parked his car outside a fence that encircled the home. Victim, who had enjoyed substantial prior success as a professional kickboxer, climbed over the fence and repeatedly banged on the door of the residence, challenging Movant. When Movant failed to answer Victim's calls to come outside and fight, Victim walked back toward his vehicle, scaling the fence in the process. Movant then went outside with the handgun and told Victim to leave. Victim turned toward Movant and was walking back toward the fence when Movant shot him three times. When the police arrived, they found Victim lying dead outside the fence.

 Our review of a motion court's denial of a Rule 29.15 motion for post-conviction relief is not *de novo,* as the findings of the motion court are presumptively correct. *Kates v. State,* 79 S.W.3d 922, 924 (Mo.App. S.D.2002). Our review is limited to a determination of whether the findings and conclusions of the motion court are "clearly erroneous." *Knese v. State,* 85 S.W.3d 628, 631 (Mo. banc 2002); Rule 29.15(k). We determine those findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with "the definite and firm impression that a mistake has been made." *Knese* at 631. A movant bears the burden of proof to show, by a preponderance of the evidence, that ineffective assistance of counsel was provided. *Id.;* Rule 29.15(i).

The United States Supreme Court, in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established the test to determine whether ineffective assistance of trial counsel has been rendered. The "benchmark" for this test is a determination "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct.

**2.** References to rules are to Missouri Rules of Criminal Procedure (2003) unless otherwise indicated.

2052. More specifically, in order to meet the test for ineffective assistance of trial counsel set out in *Strickland* a movant must prove that (1) trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and (2) that prejudice resulted therefrom. *Id.* at 687, 104 S.Ct. 2052. We are not required to apply both prongs of *Strickland* if a movant fails to satisfy one of the prongs. *Clark v. State,* 94 S.W.3d 455, 460 (Mo.App. S.D. 2003).

■ Movant has a heavy burden in establishing ineffectiveness of counsel under the first *Strickland* prong because there is a strong presumption that counsel provided competent assistance. *Deck v. State,* 68 S.W.3d 418, 425 (Mo. banc 2002); Rule 29.15(i). To satisfy the first prong, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland* at 688, 104 S.Ct. 2052. A movant can do this by pinpointing specific acts or omissions of counsel that resulted from unreasonable professional judgment, but the reviewing court must find these acts to be "outside the wide range of professional competent assistance" for the movant to be successful. *Id.* at 690, 104 S.Ct. 2052. Reasonable trial strategy cannot be the basis for a finding of ineffective assistance of counsel. *Knese* at 631.

The requirement of the second prong under *Strickland* is met when a movant shows that counsel's errors affected the judgment. *Strickland* at 692, 104 S.Ct. 2052. A movant can prove that the judgment was affected when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. A mov-

ant need not show that counsel's deficient conduct more likely than not altered the outcome in the case, but only a reasonable probability that a different result would have occurred. *Wolfe v. State,* 96 S.W.3d 90, 93 (Mo. banc 2003).

■■ Movant submits seventeen points on appeal in challenging the motion court's denial of his motion for post-conviction relief pursuant to Rule 29.15. We note initially that eight of these points preserve nothing for review and may be summarily disposed of. First, points five and seven present claims of error which were not presented to the motion court in Movant's Rule 29.15 motion. He is, therefore, procedurally barred from raising these claims of error here. *Barnett v. State,* 103 S.W.3d 765, 773 (Mo. banc 2003); Rule 29.15(d). We do not have "jurisdiction to consider an issue not raised before the motion court." *State v. Evans,* 992 S.W.2d 275, 295–296 (Mo.App. S.D.1999) (quoting *State v. Mullins,* 897 S.W.2d 229, 231 (Mo. App. S.D.1995)). Consequently, Movant's fifth and seventh points are not considered herein.

■■ Second, Movant's tenth, eleventh, thirteenth, fourteenth, fifteenth, and sixteenth points are buttressed by argument sections bereft of any reference to supporting legal authority. Rule 84.04(e) mandates that each point relied on in an appellate brief be supported by legal authority. The failure to cite the appellate court to any such authority renders the point deficient and preserves nothing for our review. *Marriage of Gerhard,* 34 S.W.3d 305, 307 (Mo.App. S.D.2001). When an appellant cites no relevant authority or no explanation for the lack of authority, the appellate court is justified in deeming the point abandoned. *Steve Spicer Motors, Inc. v. Gilliam,* 19 S.W.3d 153, 160 (Mo.App. S.D.2000). Therefore, the

six points just enumerated are not considered in this opinion.

In point one, the first of the nine points in which Movant has preserved an issue for our review, he alleges the motion court clearly erred in denying his motion because his trial counsel failed to object in a timely manner to jury instructions. Specifically, he contends that counsel should have objected to the fact that the verdict directors for the charged crimes did not cross-reference Movant's instructions submitting justification by way of self-defense and defense-of-another.

■■■ The notes on use appended to Missouri's approved instructions for submitting the defense of justification to a jury state that the verdict directors for a charged crime must cross-reference any self-defense or defense-of-another instruction submitted to the jury. *See* MAI–CR 3d 306.06, *Notes on Use* 3; MAI–CR 3d 306.08, *Notes on Use* 2. Error results if an approved instruction is not submitted or the appropriate notes on use are not adhered to and a timely objection is made. Rule 28.02(f). The extent to which any such error prejudiced a defendant is to be judicially determined. *Id.*

Movant posited trial court error on this same issue in his direct appeal, and we found the failure to include the required cross-references to Movant's jury instructions did not result in plain error because the concepts of self-defense and defense-of-others were sufficiently explained to the jury by way of the verdict directors for second-degree murder and armed criminal action. *Wright* at 4–6. Here, our charge is to determine whether trial counsel's lack of objection to and preservation of this alleged error resulted in ineffective assistance of counsel that unduly prejudiced Movant. *See Deck* at 428.

■■■ We note initially that the mere failure to make objections does not automatically constitute ineffective assistance of counsel. *Ervin v. State*, 80 S.W.3d 817, 822 (Mo. banc 2002). To justify relief, a movant must prove that the failure of trial counsel to object was not reasonable trial strategy and that it resulted in undue prejudice. *Barnett* at 772. As for the latter requirement, we concluded on Movant's direct appeal that nothing in the trial record indicated that the verdict was affected by the lack of cross-references in the verdict directors to Movant's instructions on justification. *Wright* at 6. Movant's trial counsel explained the concepts of self-defense and defense-of-another in his closing arguments to the jury, and the verdict directors, while lacking the mandated cross-references, were clear on the issue that Movant could not be convicted if he was acting in self-defense. Moreover, the trial court instructed the jury on justification, and it is presumed that the jury will properly follow the court's instructions. *State v. Graham*, 916 S.W.2d 434, 436 (Mo. App. E.D.1996). Focusing on *Strickland's* second prong, Movant has failed to show how trial counsel's failure to notice, object to, or preserve an issue for appeal concerning the lack of cross-references in the verdict directors resulted in a reasonable probability that a different result would have occurred. Movant's first point is denied.

Movant claims in his second point that the motion court clearly erred by denying his claim that his trial counsel was ineffective for not requesting that the trial court submit MAI–CR3d 308.14.1 to the jury. This instruction would have explained to the jury that they could not draw an adverse inference from Movant's decision not to testify. Movant claims that his trial counsel's failure to request this instruction contributed to the guilty verdict more than any other single factor, arguing that it was

"incomprehensible" that this instruction was not given.

 Note 2 accompanying the referenced instruction clearly states that the instruction is optional, only to be given if requested by the defendant. *See Barnett* at 773. Movant's trial counsel testified in his deposition that it is his normal practice to refrain from requesting that MAI–CR3d 308.14.1 be given to a jury because he believes such a request to be poor trial strategy. He further testified that he covered the constitutional principle addressed in MAI–CR3d 308.14.1 during voir dire, making sure that the jury was "Fifth Amendment qualified." He stated that it was his considered judgment that submitting MAI–CR3d 308.14.1 would have hurt Movant by drawing attention to the fact that he did not testify, and that, for this reason, it had been his trial strategy for many years not to request the instruction.

 Our supreme court addressed the issue raised by Movant in *Barnett.* In that case, the movant's trial counsel decided to forego requesting MAI–CR3d 308.14 during the sentencing phase of the movant's trial. The supreme court ruled that his post-conviction claim of error was procedurally barred, but that even if it were not barred, trial counsel's strategy did not result in *Strickland* prejudice. *Barnett* at 773. Similarly, we are not persuaded that there exists here a reasonable probability that a different result would have occurred had the instruction referenced by Movant been submitted. Moreover, while we are not required to address the first *Strickland* prong if no prejudice is found pursuant to the second prong, *Clark* at 460, we reiterate that reasonable trial strategy, which Movant's counsel appears to have employed here, cannot be the basis for a finding of ineffective assistance of counsel. *Knese* at 631. Movant's second point is denied.

Movant contends in his third point that the motion court clearly erred because he received ineffective assistance of counsel when his attorney failed to request that the trial court submit MAI–CR3d 306.10 to the jury, which instructs a jury on defense-of-premises as a justification for homicide.

 Movant presented no evidence at trial to support a "defense of premises" argument. As we stated in our direct appeal memorandum, there was no evidence that deadly force was needed to keep Victim from entering Owen's home, as required prior to the submission of MAI–CR3d 306.10. Indeed, Movant's trial counsel testified in his deposition that he did not submit this instruction because he knew the evidence did not support it.

Movant argues at length that a more recent case, *State v. Johnson,* 54 S.W.3d 598 (Mo.App. W.D.2001), changes the calculus underlying our decision on direct appeal, and should be the foundation for finding a reasonable probability of a different result had trial counsel submitted MAI–CR3d 306.10. We disagree.

Movant correctly notes that in *Johnson* the appellate court found that the trial court erred by failing to submit MAI–CR3d 306.10. *Id.* at 605. However, *Johnson* is distinguishable from the present case. First, *Johnson* was a direct appeal alleging trial court error, not ineffective assistance of counsel. Second, and more importantly, the victim in *Johnson* was shot while trying to gain direct entry into the defendant's home, not while standing outside a fence surrounding the curtilage of the premises supposedly protected. *Id.* at 604–605. Movant's reliance on *Johnson* is, therefore, unavailing.

As we did on direct appeal, we agree with the assessment of Movant's trial counsel concerning the applicability of MAI–CR3d 306.10 to the evidence present-

ed at trial. "We cannot ... find trial counsel's performance deficient because he failed to protect his right to assert a defense to which his client clearly was not entitled as a matter of law." *Dorsey v. State,* 113 S.W.3d 311, 318 (Mo.App. S.D. 2003). Movant therefore fails to satisfy the first prong of a *Strickland* analysis and his third point must be denied.

In Movant's fourth point, he claims that the motion court clearly erred because his trial counsel was ineffective for not objecting to the testimony of the State's expert witness, Rod Englert ("Englert"), after a court order had prohibited the State from calling him. Claiming that Englert had been identified too late as a potential witness, Movant requested a continuance in order to evaluate Englert's theory of the crime. The trial court denied this motion, but issued an order stating that Englert could not be called during the State's case in chief. There is nothing in the record indicating that this order was ever rescinded. At trial, the State called Englert during its case in chief, in apparent contravention of the trial court's order, and used his expert opinion to buttress the State's argument regarding how the events surrounding the shooting transpired.

■ This point fails to establish the presence of *Strickland* prejudice, as a review of the record reveals that there was no reasonable probability of a different result had Englert not testified. The motion court noted in its denial of Movant's motion that the order prohibiting Englert from testifying in the State's case in chief was superseded by a later event. Specifically, the parties consented to a continuance so that Movant could prepare for Englert's testimony. The trial court initially anticipated trying the case the week following the order, but in fact, as a result of the continuance, Englert did not testify until two months after the order. Because

the order was interlocutory in nature, the trial court was not required to respect its pretrial ruling. *Hancock v. Shook,* 100 S.W.3d 786, 802 (Mo. banc 2003). Moreover, the trial court never stated in its order that it was completely excluding Englert's testimony. Rather, his testimony was barred only in the State's case in chief. Under the terms of the order, Englert's opinion concerning how the relevant events occurred could still have came in as rebuttal evidence, especially in light of Movant's opening statement, in which the issue of justification was raised. *See State v. Davis,* 867 S.W.2d 539, 545 (Mo.App. W.D.1993) (defendant opened the door to rebuttal evidence during voir dire). Again, under the second *Strickland* prong, Movant fails to prove a reasonable probability of a different result had the testimony complained of not been admitted, and therefore his fourth point is denied.

Movant claims in his sixth point that he received ineffective assistance of counsel when he was allegedly coerced by counsel into not testifying on his own behalf. This is disputed not only by Movant's trial counsel, who testified in his deposition that it was Movant's decision not to testify, but by Movant himself, who testified at his sentencing hearing that at the time of the trial, it was his decision whether he should testify, and that on the advice of trial counsel, he decided not to testify. He further testified that only after the verdict was rendered did he regret not testifying.

■ The record appears to indicate that Movant's trial counsel strongly advised him against testifying at trial, but Movant fails to provide any evidence that this advice rose to the level of coercion. In any event, the motion court found no reasonable probability that the outcome of the trial would have been different had Movant testified, since his version of events was told through the playing for the

jury of his 911 call and other recorded conversations with the police. Because Movant fails to prove coercion, and because there is no reasonable probability of a different result had Movant testified, we deny Movant's sixth point.

Movant alleges in his eighth point that his trial counsel provided ineffective assistance by failing to object to statements made during the State's opening statement and closing argument. Movant contends that in its opening statement the State effectively challenged Movant to testify, and then impermissibly commented, during its closing argument, on the fact that Movant had not testified.

■■■ During his opening statement to the jury, the prosecutor made the following remark:

> [Victim] can't be here to tell you what happened, and the only person that can be here to tell you what happened that day, that saw anything, is [Movant], but the evidence is going to speak loudly for [Victim], and we're going to ask you to listen to that evidence today.

Later, during his closing argument to the jury, the prosecutor stated that "[Movant] was given time and time again the opportunity to explain away the inconsistencies." Movant contends the failure of his counsel to object to either of these statements constituted ineffective assistance of counsel, as they were impermissible references to Movant's failure to testify.

■■■ In order for the failure of trial counsel to object to inadmissible evidence or statements to rise to the level of ineffective assistance of counsel, a movant must prove that the failure to object was not strategic and that it was prejudicial. *Barnett* at 772. In many instances, a seasoned trial counsel will choose not to object out of an informed belief that to do so may irritate the jury or otherwise do more harm than good. *Id.*

Indeed, Movant's trial counsel testified at his deposition that it was part of his trial strategy to give some leeway to the State in its opening statement, because he did not want to appear to be objecting to everything in front of the jury. He also testified that it was obvious Movant was the only person who could tell the jury what really happened that day, since the other party involved was dead. Therefore, he saw little to gain in objecting to an obvious statement that had undoubtedly already entered the minds of the jury members. Because Movant's trial counsel knew that Movant's version of events would come before the jury by way of the 911 call and police recordings, whether to object to the prosecutor's statements concerning Movant's silence at trial became a matter of trial strategy.

■■■ The motion court found the opening statement to be acceptable because when read in the context of the State's entire opening statement, it simply asked the jury to listen to the evidence. We came to a similar conclusion on direct appeal when confronted with the same issue in the context of a "plain error" review. The motion court also found the State's closing statements to be acceptable because the State was simply focusing on the inconsistencies between the physical evidence and the story that Movant told the police, and not solely on the fact that he failed to testify. There was no direct reference to Movant's failure to testify, making the State's closing argument acceptable. *See State v. Hall,* 982 S.W.2d 675, 683 (Mo. banc 1998). Movant's trial counsel was not ineffective for failing to object to the statements complained of here, and we agree with the motion court that there is no reasonable probability that a different result would have been reached had

Movant's trial counsel objected. The motion court did not clearly error, and Movant's eighth point is denied.

Movant claims in his ninth point that his trial counsel was ineffective for failing to object to the State's description of Movant's counsel as a competent lawyer. The statement Movant claims was prejudicial occurred during the State's opening statement:

[n]ow, during the trial you're going to hear from one of the most articulate, talented defense lawyers in the area, and he is no doubt going to ask you to believe that [Movant] shot [Victim] in self-defense that day.

■ As indicated previously, Movant must prove that his trial counsel's failure to make an objection during opening statements was non-strategic and prejudicial. *Barnett* at 772. Looking at the record, it is clear to us that in making the pertinent comments to the jury, the prosecutor was advising the jury to examine the evidence presented at trial, and not to be mesmerized by the skills of Movant's trial attorney. We agree with the motion court's conclusion that "to require trial counsel to ask that the remark be disregarded would have had the negative effect of trial counsel effectively having to deny the compliment[,] thereby suggesting to the jury that trial counsel was not competent." Counsel was not ineffective for accepting the prosecutor's compliment and there is no reasonable probability that Movant's trial would have resulted differently had his trial counsel objected to being portrayed as competent counsel. The motion court did not clearly error, and Movant's ninth point is consequently denied.

■ Movant alleges in his twelfth point that his trial counsel rendered ineffective assistance of counsel when he failed to make "relevant and meaningful inquiry" into a juror's familiarity with Victim. The juror in question first indicated a potential problem to the trial court on the second day of trial, having remembering the night before that his neighbor had been associated with Victim. After the State questioned the juror concerning his objectivity in light of his recollection, Movant's trial counsel followed up by questioning the juror more extensively about his objectivity. Movant's trial counsel testified in his deposition that he then consulted with Movant and subsequently decided not to contest the juror. According to trial counsel's testimony, Movant was in favor of retaining the juror as well. In any event, the juror in question was the alternate juror, and was excused from deliberations. The juror did not deliberate on the verdict, and there is therefore no reasonable probability that if trial counsel had made what Movant describes as a "relevant and meaningful inquiry" into the revelation that a different outcome would have resulted. The motion court did not clearly error, and Movant's twelfth point is denied.

■ Finally, Movant's seventeenth point petitions this court to find "cumulative" error. Essentially, Movant asks us to find reversible error due to the number of allegations of error, even though Movant cannot support one of these allegations. In support of this argument, he cites us to *Faught v. Washam*, 329 S.W.2d 588, 604 (Mo.1959), where the court held that "[w]ithout undertaking to determine whether any single matter ... standing alone, would constitute reversible error, we are firmly of the opinion that, in their totality, they do." Movant's reliance on this passage is unavailing, however, for the simple reason that here, unlike in *Faught*, we have undertaken to determine the merits of each allegation of error properly preserved for our appeal, and found Movant's allegations wanting in each instance. A large number of alleged but unproven or

non-prejudicial errors do not add up to error. *State v. Gardner,* 8 S.W.3d 66, 74 (Mo. banc 1999). Movant's seventeenth and final point is denied.

We find no clear error on the part of the motion court in its findings of fact or conclusions of law regarding Movant's motion. The ruling of the motion court is affirmed.

BARNEY, P.J., and PREWITT, J., concur.