Frank D. CROOKS, Jr., Petitioner–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 25451.

Missouri Court of Appeals,
Southern District,
Division One.

April 12, 2004.

Amy M. Bartholow, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Richard D. Starnes, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

Frank D. Crooks, Jr. ("Movant") was charged with two counts of selling a controlled substance near a school, a violation of Section 195.214.[1] A jury acquitted him of the first count, but found him guilty of the second count and recommended ten years imprisonment. The trial court sentenced Movant accordingly, and we affirmed his conviction and sentence on direct appeal. *State v. Crooks,* 64 S.W.3d 887, 892 (Mo.App. S.D.2002).[2]

On April 15, 2002, Movant filed a motion to vacate, set aside or correct his conviction and sentence, pursuant to Rule 29.15.[3] An amended version of that motion was filed on July 15, 2002. Following an evidentiary hearing, the motion court denied Movant's motion. This appeal followed. We affirm.

Briefly, the evidence admitted at trial revealed the following: Officer Frank Lundien ("Lundien") of the Joplin, Missouri police department testified that he first met Movant on November 24, 1999, when he went to Movant's home to purchase drugs. This alleged transaction was the basis for the first count, and resulted in an acquittal.

The second charge was for a drug purchase on December 11, 1999. Lundien testified he and a confidential informant, Mike Heath ("Heath"), went to Movant's residence to purchase methamphetamine. When they arrived at the door to Movant's home, Heath yelled Movant's name and Movant invited Heath and Lundien inside, where he sold them methamphetamine in exchange for twenty-five dollars.

Movant testified that he had no specific recollection of December 11, 1999, but denied selling drugs to Lundien. He further testified that Lundien asked him on several occasions about selling drugs and that he always told Lundien he did not know what he was talking about and that he did not have any drugs. Notwithstanding this testimony, the jury convicted Movant of the underlying count, and he was later sentenced as indicated above. Other facts pertinent to this appeal are recited below.

Movant now appeals from the motion court's denial, following an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. In his sole point, Movant contends the motion court clearly erred in denying his Rule 29.15 motion because Movant's trial counsel was ineffective for failing to interview and call as a witness Josh Davis ("Davis"), who allegedly was present at Movant's home on December 11, 1999, and whose testimony would have established that Movant was not home the day Lundien claimed he bought drugs from him.

Our review of the denial of a Rule 29.15 motion is limited to a determination whether the findings and conclusions of the motion court are clearly erroneous. *Kates v. State,* 79 S.W.3d 922, 924 (Mo.App. S.D. 2002). The findings and conclusions of the motion court are clearly erroneous only if, after a thorough review of the record, we are left with the definite and firm impression that a mistake has been made. *Id.*

---

**1.** References to statutes are to RSMo (2000) unless otherwise indicated.

**2.** Portions of our opinion affirming Movant's conviction on direct appeal are incorporated herein without further attribution.

**3.** References to rules are to Missouri Rules of Criminal Procedure (2003) unless otherwise indicated.

(citing *State v. Vinson,* 800 S.W.2d 444, 448 (Mo. banc 1990)).

The well-established standard for prevailing on a claim of ineffective assistance of counsel is a showing by the movant that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and that he was prejudiced thereby. *Kates* at 924 (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)). Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052. The movant bears the burden of proof to show, by a preponderance of the evidence, that ineffective assistance of counsel was rendered. Rule 29.15(i); *State v. Nunley,* 923 S.W.2d 911, 922 (Mo. banc 1996), *cert. denied,* 519 U.S. 1094, 117 S.Ct. 772, 136 L.Ed.2d 717 (1997).

At trial, Lundien testified that he purchased drugs from Movant on both November 24, 1999, and December 11, 1999. He stated that on December 11, 1999, he and Heath went to Movant's home, where they first encountered Davis working on a motorcycle in the garage. Lundien testified they talked with Davis for a few minutes prior to going into Movant's house and purchasing drugs from Movant.

On cross-examination, Movant's trial counsel questioned Lundien concerning a prior occasion when Lundien purchased what he incorrectly believed to be drugs from Davis, as well as four other drug purchases Heath made at Movant's house prior to November 24, 1999. Lundien admitted, in response to those questions, that he did not see Movant at the house on any of those occasions. Lundien also acknowledged that Davis was related to Movant and that he was present at the residence on December 11, 1999, both in the garage and, later, inside the house.

In his opening statement to the jury, Movant's counsel identified Davis as one of two relatives of Movant who spent a lot of time at his home, and said the evidence would show that Davis and the other relative used, and possibly sold, drugs, and that Davis had access to the house during the time the crimes with which Movant was charged occurred.

Movant testified that he saw Lundien at his house in November 1999 looking for "the boys," as Lundien typically did when he came to the house. He stated that Davis and Movant's stepson, Brian Stark ("Stark"), had used drugs in his house previously, and that "apparently whatever was going on I wasn't paying attention to my house well enough I guess."

In a bench conference held during Movant's testimony, the State complained that Movant's counsel was attempting to implicate someone else in the crime, and Movant's counsel agreed, saying that he was trying to establish an alternative source of the drugs purchased from Movant's house.

In closing argument, Movant's counsel specifically referred to Davis and Stark again, arguing that although they might not have been "selling" drugs, they were using drugs in Movant's house and that Heath may have been buying drugs from them with a portion of the money provided by Lundien for the purchases, and pocketing the rest.

At his sentencing hearing, in response to the trial court's queries concerning Movant's satisfaction with his counsel's performance, Movant testified that he mentioned a number of persons whom he had wanted his counsel to find and call as witnesses at trial. When the trial court

**410**

asked Movant whom he wished to be called, Movant did not mention Davis.

At the evidentiary hearing on Movant's Rule 29.15 motion, Movant presented the deposition of Davis, whose testimony was consistent with the allegations in Movant's amended motion. Davis testified that he was unsure of the exact date that Lundien and Heath came by the house, but that on only one occasion did the two come to the garage to speak with him while he worked on a motorcycle. Davis did not admit that he provided drugs to Lundien and Heath, rendering his testimony inconsistent with the defense presented at trial.

Movant's trial counsel also testified at the evidentiary hearing. He stated he had a police report identifying Davis as a person at the house on December 11, 1999, but that it appeared from the report that Davis left before the transaction with Movant. He testified that he had no independent recollection of interviewing Davis, that there was nothing in his file stating that he did speak with Davis, and that he did not specifically recall why he did not interview Davis. He further testified that he asked Movant to suggest persons to be investigated and called as witnesses, and they tried to contact those individuals whom he could locate, but that his file did not identify Davis as a potential witness. He did state that he did not believe the failure to interview Davis was an oversight, but admitted that most of his recollection of the case was based on what was in the file, as it had been more than two years since the trial.

The motion court denied Movant's Rule 29.15 motion, finding that although Movant's trial counsel could not recall his trial strategy regarding Davis, the trial transcript, including comments made by counsel at trial, revealed that counsel indeed had a trial strategy which included exposing Davis' drug use, calling Lundien's credibility into question using Davis' sale of fake drugs to him, and attempting to make it appear that Davis distributed the drugs Lundien said were sold by Movant. The court found that, had Davis testified, he would have damaged, rather than buttressed, Movant's defense.

Defense counsel has a duty to make a reasonable investigation or to make a reasonable decision that a particular investigation is unnecessary, and the decision to forego investigation must be evaluated for reasonableness under the circumstances, with great deference being given to counsel's judgment. *Chaney v. State*, 73 S.W.3d 843, 847 (Mo.App. S.D. 2002). To prevail on a claim of ineffective assistance of counsel based on the failure of counsel to investigate and call a witness, a movant must show (1) that trial counsel knew or should have known of the witness's existence, (2) that the witness could have been located through reasonable investigation, (3) that the witness would have testified if called, and (4) that the witness's testimony would have provided a viable defense. *Bell v. State*, 119 S.W.3d 607, 610 (Mo.App. S.D.2003).

Here, counsel's failure to interview Davis as part of his investigation was reasonable under the circumstances. First, counsel spoke with Movant prior to trial about the witnesses Movant believed would be helpful to the defense. Movant apparently never mentioned Davis. It is true that Movant's counsel could have tried to find Davis through the department of revenue, since the police report included his name and address, but only if he also had Davis' date of birth. There was no evidence that counsel had that date of birth. Therefore, since the only way to find Davis was for Movant to tell him how to do so, the fact that Movant failed to identify Davis as a witness he wanted called made it reasonable for counsel to forego investigating Davis, as it is reasonable for counsel to rely on the statements of his client

in procuring witnesses. *See Rotellini v. State,* 77 S.W.3d 632, 635 (Mo.App. E.D. 2002).

Second, even if counsel had been able to locate Davis, it would have been reasonable for him to forego calling him as a witness. Movant's counsel developed and presented a trial strategy that involved blaming Davis for providing the drugs to Lundien. He introduced evidence and presented argument supporting this strategy, showing that Davis had sold fake drugs to Lundien in the past, was present in the house on the dates of both drug sales, and had been seen using drugs in the house. The motion court correctly surmised that had Davis been called to testify, he would have seriously compromised this defense, as he testified in his deposition that the alleged motorcycle incident was the only time he had ever seen Lundien and Heath at Movant's house. As Davis did not support the proffered defense, counsel's decision not to call him as a witness was a matter of reasonable trial strategy and will not support a finding of ineffectiveness. *Chaney* at 847.

Because counsel reasonably relied on Movant to provide the names and contact information of potential witnesses, and because, in any event, Davis' testimony would not have unqualifiedly supported the defense offered, counsel was not ineffective for failing to interview or call Davis at Movant's trial. Therefore, the motion court did not clearly err in denying Movant's post-conviction claim, and Movant's sole point on appeal must be rejected.

The judgment of the motion court is affirmed.

BARNEY, P.J., and PREWITT, J., concur.