Gary Lynn BAKER, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 26638.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 21, 2005.

Margaret M. Johnston, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Daniel N. McPherson, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

Gary Lynn Baker ("Movant") was convicted by a jury of the class C felony of possession of a chemical with the intent to create a controlled substance in violation of Section 195.420,[1] and was sentenced, as a prior and persistent offender, to twenty years imprisonment. The judgment was affirmed on direct appeal in *State v. Baker*, 103 S.W.3d 711 (Mo. banc 2003). Movant subsequently filed a pro se motion under Rule 29.15 to vacate, set aside or correct the judgment and sentence, which was la-

---

**1.** All references to statutes are to RSMo (2000) and all rule references are to Missouri Rules of Criminal Procedure (2004), unless otherwise indicated.

ter amended by appointed counsel, claiming ineffective assistance of both trial and appellate counsel. The motion court denied Movant's claims following an evidentiary hearing. This appeal followed.

Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *Knese v. State*, 85 S.W.3d 628, 631 (Mo. banc 2002); *Bewley v. State*, 151 S.W.3d 151, 153 (Mo.App. S.D.2004). The findings and conclusions of the motion court are clearly erroneous only if, after a thorough review of the record, we are left with the definite and firm impression that a mistake has been made. *Shockley v. State*, 147 S.W.3d 189, 191 (Mo.App. S.D.2004).

The pertinent facts of the case are summarized as follows: On March 10, 2000, employees of a store in Clinton, Missouri, informed Officer Amy Huber of the South Central Drug Task Force that Movant had purchased a large quantity of matchbooks. The striker plates on matchbooks are a source of red phosphorous, a substance needed to produce methamphetamine. Sergeant James Wingo, a narcotics investigator with the Missouri Highway Patrol Division of Crime and Drug Control, requested and was granted a warrant to search the residence where Movant was living.

The warrant was executed on March 10, 2000, at a two-story building formerly used as a restaurant and which had been partially converted into a residence. Entry into the building was initially attempted by Corporal Bruce Houston with a battering ram while yelling that it was the Highway Patrol, but when this was not successful, he gained entry through a window and unlocked a door permitting other officers to enter.

The officers found two individuals in the building, including Vicki Gary, the owner of the residence. They did not initially find Movant, however. When they searched an upstairs bedroom they found the lights on; a small glass jar with a white powder and liquid solution, which was later identified as pseudoephedrine; a bottle of ephedrine pills; a bottle of pills containing pseudoephedrine; a receipt from Wal–Mart dated February 24, 2000, for four packages of pseudoephedrine; a bag of matchbook strike plates; a bottle of Heet; a pocket propane torch; a razor blade; a plastic bag; a can of butane; funnels; two bottles of Coleman propane; a bottle of muriatic acid; two bottles of Red Devil lye; triple beam scales which are used to measure grams; a bottle of Vitablend that is often used as a cutting agent to cut drugs; several small Ziploc bags on top of the scale; funnel filters; disposable gloves; small glass bottle of acid in a refrigerator; a hot plate or skillet that was turned on and was hot with a can of acetone beside it; and a microwave. There was testimony that hot plates and microwaves are sometimes used in the production of drugs as heat sources for the evaporation of solvents and liquids. There was testimony that these items could be, and often were, used in the making of methamphetamine. Also found in the upstairs room was a dresser with men's underwear, camouflage clothing similar to that which Movant had recently been seen wearing, and a letter addressed to Movant at that address. Additional items commonly used in the production of methamphetamine were found in other parts of the residence.

The officers also noticed what appeared to be a "cubbyhole" cover in the ceiling of the upstairs room with rungs sticking out of the wall like steps next to the electric skillet. Noticing that the "cubbyhole" cover was not squarely on, and suspecting

that Movant was hiding there, officers threw a lighting device up into the "cubbyhole" at which time Movant acknowledged his presence and eventually came down where he was arrested. He was subsequently charged with the class C felony of creation of a controlled substance in violation of Sections 558.011.1(3) and 560.011 in that he knowingly possessed specified precursor ingredients, with the intent to create methamphetamine, a controlled substance.

Prior to trial (October 19, 2000) the State filed a motion to endorse additional witnesses, including Sarah Brewer ("Brewer"). That motion was taken up by the trial court on the morning of the first day of trial on December 12, 2000. The trial court sustained the motion after Movant's counsel stated that he was aware of what her testimony would be, but that he was objecting to her endorsement because the matters she would testify to occurred over a year before the incident with which Movant was charged, and was so remote in time that it would be "totally irrelevant."

Brewer testified at trial, without objection from Movant's counsel. She had pled guilty to possession of methamphetamine as a result of an incident in March 1999 when her house was searched and another person was found to be manufacturing methamphetamine there. She had agreed to testify against Movant in exchange for a reduction in the charge against her from manufacturing to possession. She testified that she had known Movant for about four years and that he was knowledgeable about methamphetamine and had told her that he knew how to make it or was in the process of learning how to do so. She said that on the day she was arrested in 1999, Movant had been to her house and, knowing that it was used in making methamphetamine, had brought five or six boxes

of pseudoephredrine to trade for some methamphetamine.

■ In his first of two points on appeal, Movant contends that the motion court erred in denying his claim that his trial counsel was ineffective for failing to object to, or move to exclude, the testimony of Brewer "in that Brewer's testimony that [Movant] bought methamphetamine and was learning how to make it in March 1999 did not show motive and intent, plan or scheme, or lack of mistake on March 10, 2000, and was highly prejudicial evidence of other crimes."

■ Trial counsel's performance is presumed to be effective and therefore, Movant bears the burden of overcoming that presumption by a preponderance of the evidence. Rule 29.15(i); *Nicklasson v. State,* 105 S.W.3d 482, 484 (Mo. banc 2003); *State v. Tokar,* 918 S.W.2d 753, 761 (Mo. banc 1996). In order for Movant to prevail on his ineffective assistance of counsel claim, he must first demonstrate that his trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances. *Crooks v. State,* 131 S.W.3d 407, 409 (Mo.App. S.D.2004). Second, he must demonstrate that not only was his trial counsel ineffective, but that he was prejudiced by trial counsel's poor performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). "Prejudice is shown where 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Crooks,* 131 S.W.3d at 409 (citing *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). If Movant fails to satisfy either prong, relief will be denied. *State v. Simmons,* 955 S.W.2d 752, 772

(Mo. banc 1997); *Wright v. State,* 125 S.W.3d 861, 866 (Mo.App. S.D.2003).

■■■■ Movant cannot base a claim of ineffective assistance on reasonable choices of trial strategy. *Knese,* 85 S.W.3d at 631. Therefore, in attempting to satisfy the first prong of the test, Movant must overcome the presumption that the challenged action was a decision appropriately made in the exercise of professional judgment. *Jameson v. State,* 125 S.W.3d 885, 890 (Mo.App. E.D.2004). "Strategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable." *Tokar,* 918 S.W.2d at 761, (quoting *Strickland,* 466 U.S. at 690–91, 104 S.Ct. 2052). In reviewing trial strategy, we evaluate the conduct of counsel from his perspective at the time of the conduct. *State v. Light,* 835 S.W.2d 933, 940 (Mo.App. E.D.1992).

Movant had alleged, in his Rule 29.15 motion that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances by not objecting to or moving to exclude Brewer's testimony, and that as a result, he was prejudiced. He argued that the testimony about what Movant said to Brewer was "remote in time and unreliable"; that its prejudicial effect outweighed its probative value; that had counsel made a proper objection to the testimony, a reasonable probability existed that the trial court would have sustained the objection; and if the jury had not been exposed to the testimony, there was a reasonable probability that it would have found reasonable doubt about Movant's intent to manufacture methamphetamine.

In denying Movant's claim after an evidentiary hearing, the motion court acknowledged that evidence of other crimes is generally not admissible to prove commission of the crime charged, but the evidence went to Movant's motive and intent, his plan or scheme, and lack of mistake. It also held that the probative value of the evidence outweighed the prejudicial effect.

■■ Initially, we note that while evidence of uncharged crimes, wrongs or acts is inadmissible to show a propensity to commit such crimes, evidence of other uncharged misconduct has a legitimate tendency to prove the specific crime charged when it tends to establish motive, intent, absence of mistake or accident, a common scheme or plan, or identity. *State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc 1993). Here, Movant argues that Brewer's testimony did not establish that he possessed a chemical with the intent to manufacture methamphetamine in March 2000, and that "[t]he real issue was not what [he] intended to do with the chemicals, but whether he even possessed them in the first place." Intent, however, was an element of the offense with which Movant was charged and which was submitted to the jury.

■■■■ Additionally, as indicated earlier, Movant had the burden of overcoming the presumption that counsel's actions at trial were in the exercise of appropriate professional judgment. Here, Movant presented no evidence at the evidentiary hearing concerning counsel's alleged ineffectiveness in failing to object or move to strike Brewer's testimony. Allegations in a Rule 29.15 motion are not self-proving, and a movant has the burden of proving the grounds asserted. *State v. Vincent,* 785 S.W.2d 805, 812 (Mo.App. S.D.1990). Where a movant fails to offer evidence at the post-conviction evidentiary hearing as to why counsel failed to object, he has failed to demonstrate that the failure was not valid trial strategy. *State v. Kreutzer,* 928 S.W.2d 854, 874–75 (Mo. banc 1996). This point is without merit and is denied.

In his final point on appeal, Movant contends that the motion court clearly erred in denying his post-conviction claim that his appellate counsel was ineffective for failing to raise on appeal the trial court's error in overruling his motion for new trial allegation that there was insufficient evidence to convict him of possession of a chemical with the intent to create a controlled substance. He argues that the evidence at trial was that three people lived in the residence, chemicals were found throughout the residence, and there was no evidence that he consciously and intentionally possessed the chemicals or intended to manufacture methamphetamine with them. He says that a competent and effective lawyer would have recognized that there was insufficient evidence to support his conviction and would have raised that issue on direct appeal.

The standard for establishing ineffectiveness of appellate counsel is high. *Middleton v. State*, 80 S.W.3d 799, 808 (Mo. banc 2002). To support a Rule 29.15 motion on that basis, strong grounds must exist showing that counsel failed to assert a claim of error that would have required reversal had it been asserted and that was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. *Id.* The right to relief for ineffective assistance of appellate counsel tracks the plain error rule requiring that error that was not raised on appeal was so substantial as to amount to a manifest injustice or miscarriage of justice. *Id.*

Movant first challenges the finding of the motion court that the issue raised in his 29.15 motion was not raised in his motion for new trial, hence there was no error in failing to grant a new trial on a ground not presented. His motion for new trial alleged that the trial court erred in denying his motion for a directed verdict at the close of the State's case and at the close of all the evidence because there was insufficient evidence presented that he possessed methanol, hydrogen peroxide, lighter fluid, naphtha, muriatic acid, pseudoephredrine, ephedrine, or acetone. He also alleged that "[j]oint or multiple control of premises requires further evidence connecting [Movant] with the items alleged to be in his possession." One of the allegations in Movant's amended 29.15 motion was that counsel failed to raise on appeal, the trial court's error in denying the motion for new trial "in that the evidence was insufficient to convict [M]ovant of creation of a controlled substance." In overruling Movant's 29.15 motion, the motion court held that Movant did not raise that issue in the motion for new trial, hence there was no error in not granting a new trial on a ground not presented.

The discrepancy between the allegations in the motion for new trial and those in the amended 29.15 motion is not dispositive of the issue raised in this point. Rule 29.11(d) provides that in a jury-tried case, to be preserved for appellate review, a motion for new trial need not include questions as to the sufficiency of the evidence to sustain the conviction. Accordingly, the sufficiency of the evidence could have been raised on appeal even if it had not been raised in the motion for new trial.

Beyond that, however, Movant's complaint in his amended 29.15 motion related to the insufficiency of the evidence to convict him of "creation of a controlled substance." In contrast, his point on this appeal complains of counsel's failure to raise an issue on appeal about the insufficiency of the evidence to convict him "of possession of a chemical with the intent to create a controlled substance." "Claims that have not been presented to the motion court cannot be raised for the first time on

appeal." *Rhodes v. State*, 157 S.W.3d 309, 314 (Mo.App. S.D.2005) (quoting *Dean v. State*, 950 S.W.2d 873, 877 (Mo.App. W.D. 1997)).

This point is without merit for additional reasons. Like the prior point, no evidence was presented at the evidentiary hearing in support of this contention. The failure to do so results in a movant not meeting his burden of showing that counsel was ineffective under the *Strickland* standard. *Kreutzer*, 928 S.W.2d at 874–75.

Finally, in addition to the above reasons why this point is without merit, we note that had the issue been raised on appeal, the appellate court would have been bound, in reviewing for the sufficiency of the evidence, to consider the evidence most favorable to the verdict, accepting as true any evidence supporting the verdict while disregarding any contrary evidence of inferences. *Hill v. State*, 160 S.W.3d 855, 859 (Mo.App. S.D.2005). Under that standard and considering the evidence outlined at the beginning of this opinion, we are unable to conclude that had the matter been raised on appeal, it would have required a reversal. Accordingly, we are unable to find prejudice from the deficiency alleged by Movant. This point is denied.

The judgment is affirmed.

BATES, C.J., and SHRUM, P.J., concur.