David M. BARNETT, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 84806.

Supreme Court of Missouri,
En Banc.

April 22, 2003.

Rehearing Denied May 27, 2003.

766

Janet M. Thompson, Office of Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for Respondent.

MICHAEL A. WOLFF, Judge.

David M. Barnett appeals the overruling of a Rule 29.15 motion to vacate his death sentences. This Court has exclusive jurisdiction.[1] This Court on direct appeal upheld Barnett's convictions and sentences. *State v. Barnett,* 980 S.W.2d 297 (Mo. banc 1998). Judgment is affirmed.

**Facts** [2]

Barnett was convicted of two counts of first-degree murder, two counts of first-degree robbery, and two counts of armed criminal action. On February 4, 1996, Barnett entered the home of his adopted grandparents, Clifford and Leona Barnett, ages 81 and 75, while they were attending church services and having lunch with friends. After Clifford and Leona Barnett came home, Barnett knocked them to the ground, kicked them, and repeatedly stabbed them with multiple knives—until he had killed them.

Pursuant to the jury's recommendation, Barnett was sentenced to death for each of the two murder counts and consecutive life sentences for the first-degree robbery and armed criminal action counts. Barnett then filed a motion for post-conviction relief under Rule 29.15. The motion court denied Barnett's request for an evidentiary hearing. The motion court issued its findings of fact and conclusions of law and overruled Barnett's motion for post-conviction relief. This appeal followed.

**Barnett's Contentions**

Barnett claims:

(1) The motion court erred in denying his post-conviction claims without an evidentiary hearing;

(2) Defense counsel failed to fully investigate Barnett's family history;

(3) Defense counsel failed to timely object to the State's late disclosure of testimony;

(4) Defense counsel failed to conduct an adequate *voir dire* into the critical facts of the case;

(5) Defense counsel failed to object to repeated references to alleged *prior* bad acts;

(6) Defense counsel failed to call Clifford and Leona Barnett's children as witnesses;

(7) The motion court erred in failing to vacate his death sentences; and

(8) The motion court erred in failing to reappoint motion counsel before reaching the merits of his post-conviction relief motion.

These claims will be addressed in order.

**Standard of Review**

■ This Court's review of Barnett's claims is for the limited purpose of determining whether or not the motion court clearly erred in making its findings of fact and conclusions of law. *Skillicorn v. State,* 22 S.W.3d 678, 681 (Mo. banc 2000). To prove that counsel was ineffective, a movant must show that counsel's performance "did not conform to the degree of skill, care, and diligence of a reasonably competent attorney" and that movant was thereby prejudiced. *State v. Hall,* 982 S.W.2d 675, 680 (Mo. banc 1998) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To demonstrate prejudice, a movant must show that, but for counsel's poor performance, there

---

**1.** *Mo. Const. art. V, sec. 10; order of June 16, 1988.*

**2.** For a full-length account of the facts, *see Barnett,* 980 S.W.2d 297 at 301.

is a reasonable probability that the outcome of the court proceeding would have been different. *Id.* Moreover, this Court presumes that counsel acted professionally in making decisions and that any challenged action was a part of counsel's sound trial strategy. *Id.*

## The Motion Court's Denial of Barnett's Post–Conviction Claims Without an Evidentiary Hearing

To be entitled to an evidentiary hearing, a movant must: (1) allege facts, not conclusions, that, if true, would warrant relief; (2) these facts must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *State v. Brooks,* 960 S.W.2d 479, 497 (Mo. banc 1997). An evidentiary hearing is not required if the files and records of the case conclusively show that movant is entitled to no relief. *Rule 29.15(h).* Moreover, to obtain an evidentiary hearing with respect to claims related to ineffective assistance of counsel, movant must allege facts showing that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and that movant was thereby prejudiced. *Brooks,* 960 S.W.2d at 497.

Barnett contends that the motion court erred in denying his post-conviction claims without an evidentiary hearing. Barnett argues that under *Wilkes v. State,* 82 S.W.3d 925 (Mo. banc 2002), and Rule 29.15, his claims for post-conviction relief were pleaded sufficiently to warrant granting an evidentiary hearing.

Barnett argues that Rule 29.15 provides a presumption in favor of an evidentiary hearing. In support, Barnett asserts that this Court, in *Wilkes,* cautioned motion courts that:

... the rules encourage evidentiary hearings. *See Rule 29.15(h).* Nothing in the text of Rule 29.15 suggests that the pleading requirements are to be construed more narrowly than other civil pleadings. Thus, a movant may successfully plead a claim for relief under Rule 29.15 by providing the motion court with allegations sufficient to allow the motion court to meaningfully apply the *Strickland* standard and decide whether relief is warranted.

*Wilkes,* 82 S.W.3d at 929. Barnett further argues that the text of Rule 29.15 characterizes hyper-technical pleading requirements, which preclude evidentiary hearings and stymie the search for truth, as not being consistent with due process.

The motion court found Barnett's pleadings to be deficient and that these deficiencies precluded Barnett from being entitled to an evidentiary hearing. Although Rule 29.15 suggests that the pleading requirements are not to be construed more narrowly than other civil pleadings, a Rule 29.15 motion is treated differently than pleadings in other civil cases because it is a collateral attack on a final judgment. *White v. State,* 939 S.W.2d 887, 893 (Mo. banc 1997). Unlike some other civil pleadings, courts will not draw factual inferences or implications in a Rule 29.15 motion from bare conclusions or from a prayer for relief. *Morrow v. State,* 21 S.W.3d 819, 822 (Mo. banc 2000).

The evidence contained within the record and files of this case is so overwhelming that it refutes any contention by Barnett that he is entitled to relief. Barnett confessed in writing, on audiotape and videotape to killing the victims. Barnett then went with police to the home of Clifford and Leona Barnett for a video re-enactment of the murders. In light of this overwhelming and uncontradicted evidence, Barnett's argument that he is entitled to a evidentiary hearing is unpersuasive.

The motion court did not err in its findings of fact and conclusions of law on this issue.

### Counsel's Alleged Failure to Investigate Barnett's Family History Sufficiently

■ Barnett alleges that counsel rendered ineffective assistance of counsel in failing to investigate and provide the jury with information about Barnett's biological mother, her family, and the environmental and genetic factors that affected his development. Barnett contends that a great deal of mitigating evidence was available for counsel to utilize at trial, but went unutilized because counsel failed to exercise due diligence in search for it.[3]

Barnett's life history, as set forth in the post-conviction motion, was over 25 pages, and 22 pages were dedicated to listing the hundreds of witnesses and organizations that were capable of providing proof of Barnett's life history. The motion court found, however, that the 25–page narrative of Barnett's life history did not connect a specific portion of the narrative to a particular witness, did not allege that counsel was informed of their existence, and did not state that any of the witnesses were available to testify.

Because the narrative was unconnected to the purported witnesses, the motion was deficient in a manner similar to that in *Morrow v. State*, 21 S.W.3d 819 (Mo. banc 2000). *Morrow* held that "[w]here the pleadings consist only of bare assertions and conclusions, a motion court cannot meaningfully apply the *Strickland* standard for ineffective assistance of counsel." 21 S.W.3d at 824.

In light of *Morrow* and the motion court's finding that Barnett's Rule 29.15 pleadings were deficient, Barnett's argument is not persuasive. The motion court did not clearly err in its findings and conclusions of law on this issue.

### Counsel's Failure to Timely Object to the State's Late Disclosure of Testimony

■ Barnett claims that defense counsel rendered ineffective assistance for not timely objecting to the State's late disclosure of testimony. Barnett argues that the State never disclosed testimony of Officer Granat regarding the manufacture and availability of shoes Barnett was wearing when the murders were committed. Barnett alleges the State used this testimony to support its theory that he was a deliberate actor in the murders of Clifford and Leona Barnett.

As a result of defense counsel's failure to object contemporaneously to this testimony, Barnett claims he was denied effective assistance of counsel, a fundamentally fair trial, and freedom from cruel and unusual punishment.

The motion court found that Barnett was unable to show prejudice on this claim. The motion court concluded that even if defense counsel made a proper and timely objection to the testimony at issue, and the trial court sustained the objection, there was a multitude of uncontradicted evidence that established Barnett killed the victims in a deliberate manner. The jury would have still heard Officer Granat's testimony that Barnett's shoes were consistent with shoe prints at the scene of the murders. The jury had already heard evidence that the point of entry into the victims' home

---

**3.** Barnett purports that evidence regarding his biological mother's drinking of hard liquor, and usage of LSD, cocaine, and amphetamines, while she was pregnant with him, was mitigating evidence that went unnoticed at trial because defense counsel failed to look for it. Barnett also argues if evidence of his biological family's history with depression and other psychiatric disorders, as well as drinking and alcohol abuse were presented, the outcome of the penalty phase of the trial would have been different.

was the bathroom window, based on the shoe print in the dust on the air conditioner. Fingerprints left on the bathroom window were identified as belonging to Barnett. Barnett confessed in writing, on audiotape and videotape and re-enacted the crime at the victims' home. The question of how he entered the home was, therefore, of little significance.

In light of the overwhelming and uncontradicted evidence against Barnett, the absence of evidence in question would not have caused a reasonable probability as to a different outcome of the trial—which is what is required in order to establish prejudice under *Strickland*.

The motion court did not clearly err on this issue.

### Counsel's Alleged Failure to Conduct an Adequate *Voir Dire* into the Critical Facts of the Case

■ Barnett argues that defense counsel rendered ineffective assistance of counsel by failing to explore critical issues on *voir dire* with potential jurors. Defense counsel did not explore whether venire persons would hold any prejudice against him because of Barnett's three prior convictions, the ages of Clifford and Leona Barnett, and the fact that they were Barnett's grandparents. As a result of this failure, Barnett contends some biased jurors may have sat on the case.

■ In order to prevail on a claim for ineffective assistance of counsel, the movant must overcome the presumption that counsel's actions are a matter of trial strategy. *State v. Madison*, 997 S.W.2d 16, 22 (Mo. banc 1999). The motion court found that defense counsel's effort to obtain a not

guilty verdict or a conviction for second-degree murder in the guilt phase of the trial would have been hindered had the jury been privy to information concerning Barnett's prior convictions. Although another attorney may well have employed a different strategy, tactical and strategic decisions—which might have been handled differently by many or even most attorneys—will not establish ineffectiveness. *See Laws v. Armontrout*, 834 F.2d 1401, 1408 (8th Cir.1987). Barnett cannot overcome the presumption that defense counsel's omission of his prior convictions from the venire panel was sound trial strategy.

With respect to the ages of Clifford and Leona Barnett, the court made a statement to each panel during small group voir dire.[4] However, Barnett argues defense counsel rendered ineffective assistance of counsel in failing to explore the issue of age beyond the court's statement. The motion court found that Barnett failed to demonstrate prejudice as a result of defense counsel's inaction. The information that Barnett says was omitted during *voir dire* was clearly before the jury. The record refutes Barnett's claim.

The overall impression is that defense counsel's actions did not cause a situation where biased persons would be on the jury; counsel's choices may well have minimized the potential for bias.

The motion court did not clearly err.

### Counsel's Failure to Object to Repeated References to Prior Bad Acts by Barnett

■ Barnett alleges that counsel rendered ineffective assistance in failing to object to references to prior bad acts that he allegedly committed. As stated, a movant must overcome the presumption that

---

**4.** The following statement was administered to each panel: "The victims in this case were an older couple, Clifford R. and Leona Barnett, husband and wife, who lived in the City of Glendale here in St. Louis County. They

were killed in their home by stabbing a little over one year ago on February 4th, 1996. The defendant, Mr. Barnett, is their grandson and was arrested on the following day, February 5th, 1996."

counsel's actions are a matter of trial strategy in order to make out a claim for ineffective assistance of counsel. *Madison*, 997 S.W.2d at 22. Moreover, the movant must prove that the failure to object did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that the client was prejudiced. *State v. Tokar*, 918 S.W.2d 753 (Mo. banc 1996). "In many instances seasoned trial counsel do not object to otherwise improper questions or arguments for strategic purposes," this Court noted in *Tokar*. "It is feared that frequent objections irritate the jury and highlight the statements complained of, resulting in more harm than good." *Id.* at 768. Barnett has not overcome the presumption that counsel's failure to object to the references of prior bad acts was not for strategic purposes.

The motion court found that in light of all the evidence presented, testimony regarding prior arrests and marijuana use did not alter the outcome of the trial, and, thus, the failure to object did not prejudice Barnett.

The motion court did not clearly err.

### Counsel's Failure to Call Clifford and Leona Barnett's Children

█ Barnett alleges his counsel rendered ineffective assistance by not calling Clifford and Leona Barnett's children, John Barnett, Lana Barnett–Campbell, and Polly Barnett–Hargett, to testify as witnesses. Barnett contends that "since the principal justification for capital punishment is retribution," it would have been important for the jury to hear that the Barnett children did not want him to be sentenced to death, because they did not seek retribution.

Four months before trial the Barnett children wrote to the court requesting that David Barnett not be sentenced to death, but to life without parole. "As Christians, we believe in forgiveness, repentance, and atonement for sins," they wrote. "We feel that the death penalty would not allow these necessary steps. David has some good in him. Possibly that good can grow as the years go by. We hope and pray so!" After the jury's verdict, the Barnett children again wrote to the court, two weeks before sentencing, asking that David be given life in prison.

The jury was not informed of these views, though the judge was aware of them at the time sentence was pronounced. The more frequent occasion of family members' views is the desire to request the death penalty. *See, e.g., State v. Roll*, 942 S.W.2d 370, 378 (Mo. banc 1997)

█ Opinions of family members as to the appropriate punishment are irrelevant. The views of the Barnett family cannot be characterized as victim impact evidence, which is admissible under section 565.030.4 so long as the testimony is not "so unduly prejudicial that it renders the trial fundamentally unfair." *Roll*, 942 S.W.2d at 378 (citing *State v. Kreutzer* 928 S.W.2d 854, 878 (Mo. banc 1996); *Payne v. Tennessee*, 501 U.S. 808, 825, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991)). *See also State v. Taylor*, 944 S.W.2d 925, 938 (Mo. banc 1997); *State v. Smith*, 32 S.W.3d 532, 555 (Mo. banc 2000). In accordance with this principle, one of the Barnett children, Lana, testified as to the impact on her of her parents' deaths. Defense counsel did not cross-examine her, nor were her views on the death penalty otherwise communicated to the jury. As stated, such testimony would have been irrelevant. The jury should not be put in the position of carrying out the victims' wishes, whether they are for or against the death penalty.

Notwithstanding this principle, Barnett argues that the prosecution opened the door to the admissibility of this otherwise

inadmissible testimony by referring to the Barnett family's Christian beliefs during the trial.[5] The motion court concluded that the state did not open the door for Barnett to introduce the beliefs of the Barnett children regarding sentencing.

The motion court found that counsel was not ineffective for failing to present inadmissible evidence and Barnett was not prejudiced. The motion court did not clearly err on this issue.

## The Motion Court's Refusal to Vacate Barnett's Death Sentences

■ Barnett argues that the motion court erred when it did not vacate Barnett's death sentences after defense counsel and the trial court failed to submit the no-adverse inference instruction to the jury during the penalty phase of the trial. This is the first time Barnett has raised the issue that defense counsel erred in not submitting the no-adverse inference instruction, yet Barnett claims the motion court erred in not vacating his death sentences as a result of defense counsel's alleged error. In other words, Barnett argues the motion court failed to grant him relief on a claim he failed to present before the motion court.

Under Rule 29.15, this Court has held that a movant waives all claims that are not raised in a timely filed pleading. *See Winfield v. State*, 93 S.W.3d 732, 737 (Mo. banc 2002); *State v. Johnson*, 968 S.W.2d 686, 695 (Mo. banc 1998). Barnett failed to preserve this claim by not raising it in his post-conviction relief motion. Barnett's claim is procedurally barred.

■ Even if Barnett's claim were not procedurally barred, Barnett's claim would still be without merit. This Court has

recognized that submission of the no-adverse inference instruction is optional. *See MAI–CR 3d 308.14, Notes on Use 2; see also Knese v. State*, 85 S.W.3d 628, 635 (Mo. banc 2002) (holding that it is reasonable for counsel to forego requesting the instruction, believing that it highlights the fact that the defendant did not testify). The omission of this optional instruction fails to establish prejudice cognizable by *Strickland*.

The motion court did not clearly err.

## The Motion Court's Failure to Reappoint Post–Conviction Counsel Before Reaching the Merits of Barnett's Rule 29.15 Motion

■ Barnett contends that the motion court erred in failing to reappoint Rule 29.15 motion counsel before reaching the merits of his motion. Barnett argues that post-conviction counsel's failure to challenge defense counsel's neglect to offer the no-adverse inference instruction constituted ineffective assistance of counsel and abandonment. Barnett argues that post-conviction counsel's failure in this case presents a need for this Court to recognize a third form of abandonment—materially incomplete action.

■ Barnett's claim is without merit. There is no constitutional right to counsel in a post-conviction proceeding. *State v. Hunter*, 840 S.W.2d 850, 871 (Mo. banc 1992). Thus, a post-conviction movant has no right to effective assistance of counsel. *Id.* Barnett's claim is unreviewable. *See State v. Parker*, 886 S.W.2d 908, 932 (Mo. banc 1994).

■ Barnett's plea that this Court should recognize a third form of abandonment is unpersuasive. Abandonment oc-

---

**5.** "The doctrine of opening the door allows a party to explore otherwise inadmissible evidence on cross-examination when the opposing party has made unfair prejudicial use of

related evidence on direct examination." *United States v. Durham*, 868 F.2d 1010, 1012 (8th Cir.1989).

curs when (1) post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner. *Moore v. State*, 934 S.W.2d 289, 291 (Mo. banc 1996). This Court has repeatedly held it will not expand the scope of abandonment to encompass perceived ineffectiveness of post-conviction counsel. *See Winfield*, 93 S.W.3d at 733–39; *State v. Hope*, 954 S.W.2d 537, 545 (Mo.App.1997); *State v. Ervin*, 835 S.W.2d 905, 928–29 (Mo. banc 1992).

## Conclusion

This Court concludes that the motion court did not clearly err in making its findings of fact and conclusions of law after denying Barnett's motion without an evidentiary hearing. Barnett is unable to establish that defense counsel was ineffective, nor can Barnett establish prejudice recognized by the *Strickland* standard. Barnett has also failed to assert a claim that post-conviction counsel's conduct entitles him to relief.

The judgment is affirmed.

All concur.