

# In the Missouri Court of Appeals
# Eastern District
## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED102030 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | |
| RODNEY CREIGHTON, | ) | Hon. Elizabeth Byrne Hogan |
| | ) | |
| Appellant. | ) | FILED: December 15, 2015 |

## Introduction

Appellant Rodney Creighton ("Creighton") appeals from the judgment of the motion court denying Creighton's Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing following a jury trial. Creighton was convicted of three counts of first-degree robbery, three counts of armed criminal action, and one count of resisting arrest, and sentenced as a prior and persistent offender. Creighton's conviction and sentence were affirmed on direct appeal by this Court in State v. Creighton, 386 S.W.3d 206 (Mo. App. E.D. 2012). On appeal, Creighton contends the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing. Creighton's amended motion for post-conviction relief was untimely filed. The motion court did not make an independent inquiry into whether Creighton was abandoned by his appointed counsel as a result of the untimely filing. Accordingly, we are compelled to reverse

---

[1] All rule references are to Mo. R. Crim. P. (2013).

the motion court's judgment and remand the case to the motion court to determine whether Creighton was abandoned by counsel.

## Factual and Procedural History

Creighton was charged with robbing four individuals in the City of St. Louis. Following a jury trial, Creighton was convicted of three counts of first-degree robbery, three counts of armed criminal action, and one count of resisting arrest. Creighton was sentenced as a prior and persistent offender. This Court affirmed Creighton's convictions and sentence on direct appeal in State v. Creighton, 386 S.W.3d. 206 (Mo. App. E.D. 2012). Our mandate issued on December 13, 2012.

On January 17, 2013, Creighton timely filed a pro se motion for post-conviction relief, along with an affidavit of indigence. On March 8, 2013, the record reflects that the motion court filed a memorandum stating the following: "The Court hereby notifies Scott Thompson Appellate District Defender that Movant Rodney Creighton has filed a post-conviction motion. The motion is accompanied by an affidavit of indigency. So ordered, Judge Elizabeth B. Hogan."

Post-conviction counsel from the appellate division of the public defender's office filed an entry of appearance on behalf of Creighton on May 30, 2013. At that time post-conviction counsel requested thirty additional days to file an amended motion. On July 26, 2013, the motion court granted post-conviction counsel's request.

On August 28, 2013, post-conviction counsel filed an amended motion on behalf of Creighton. In the amended motion, post-conviction counsel asserted that because he "filed his entry of appearance on May 30, 2013, and subsequently was granted an additional thirty days to

complete the motion," the amended motion "is due August 28, 2013." The motion court denied the amended motion without an evidentiary hearing. This appeal follows.

## Points on Appeal

Creighton raises two points on appeal. First, Creighton contends the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because trial counsel was ineffective for failing to seek a mistrial or, in the alternative, removal of Juror 510, for intentional nondisclosure. Second, Creighton claims the motion court erred in refusing to review the claims raised in his pro se Rule 29.15 motion, a copy of which was attached to the amended motion.

## Standard of Review

Appellate review of a motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15; Day v. State, 770 S.W.2d 692, 695 (Mo. banc 1989). The motion court's findings and conclusions are presumptively correct and will be overturned only when this Court, after reviewing the entire record, is left with a "definite and firm impression that a mistake has been made." Vaca v. State, 314 S.W.3d 331, 334 (Mo. banc 2010).

To be entitled to an evidentiary hearing on a post-conviction relief claim, a movant must allege facts, not conclusions, that, if true, would warrant relief; the facts alleged must raise matters not refuted by the record and files in the case; and the matters complained of must have resulted in prejudice to the movant. Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003). An evidentiary hearing is not required if the files and records of the case conclusively show that the movant is entitled to no relief. Id.

3

Before this Court may address the merits of Creighton's claim, we must determine whether his amended motion was timely filed. Childers v. State, 462 S.W.3d 825, 827 (Mo. App. E.D. 2015). "[W]hen post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the deadline in Rule 29.15(g) can constitute 'abandonment' of the movant." Moore v. State, 458 S.W.3d 822, 825 (Mo. banc 2015). As a result, if we determine that an amended motion filed by appointed counsel is untimely, but there has been no independent inquiry into abandonment conducted by the motion court, then the case should be remanded to the motion court for such inquiry. Id. at 826. While it is this Court's duty to enforce the mandatory timelines in the post-conviction rules, "the motion court is the appropriate forum to conduct such an inquiry" into abandonment. Id. In the event a case is remanded to the motion court for an abandonment inquiry, the result of the inquiry determines which motion, the pro se motion or the amended motion, the motion court should adjudicate." Id.

The time limits of Rule 29.15 are valid and mandatory. Day, 770 S.W.2d at 695. Rule 29.15(e) mandates that "[w]hen an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant." Rule 29.15(e). Appointed counsel is then required to "ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant," and if necessary, to "file an amended motion that sufficiently alleges" any additional facts and claims. Id.

Rule 29.15(g) provides that where, as here, an appeal of the judgment sought to be vacated, set aside or corrected is taken:

> [T]he amended motion shall be filed within sixty days of the earlier of: (1) *the date both the mandate of the appellate court is issued and counsel is appointed* or (2) the date both the mandate of the appellate court is issued and an entry of

4

appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. Rule 29.15(g) (emphasis added).

Because post-conviction counsel was appointed to represent Creighton, as an indigent person, the former provision of Rule 29.15(g) is applicable. Thus, Creighton's amended motion was due 60 days after the earliest date at which both the mandate of the appellate court had been issued *and* counsel had been appointed. See Moore, 458 S.W.3d at 824 n.1.

In this case, the motion court appointed the public defender's office, appellate division, to represent Creighton on March 8, 2013. No one from the public defender's office entered an appearance on behalf of Creighton until May 30, 2013. On May 30, 2013, post-conviction counsel entered his appearance and requested thirty additional days to file the amended motion, which was granted by the motion court on July 26, 2013. Post-conviction counsel filed the amended motion on August 28, 2013. Respondent contends that because the motion court appointed the public defender's office to represent Creighton on March 8, 2013, the amended motion was due 60 days later pursuant to Rule 29.15(g)—that is, by May 7, 2013. As a result, Respondent claims the amended motion filed by post-conviction counsel was untimely under Rule 29.15(g). We agree.

The Missouri Supreme Court has clarified that with respect to post-conviction motions, "the effective date of appointment of counsel is the date on which the office of the public defender is designated rather than the date of counsel's entry of appearance." Stanley v. State, 420 S.W.3d 532, 540 (Mo. banc 2014). While the Supreme Court in Stanley was considering a post-conviction motion filed pursuant to Rule 24.035, the relevant rule language in subsection (g) of Rule 24.035 is identical to the language in subsection (g) of Rule 29.15.[2] We further note

---

[2] Rule 24.035(g) reads, in relevant part:
> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the

that the Supreme Court's interpretation is practical and logical. The mandatory time limits of Rules 29.15 and 24.035 would have little effect if an individual attorney from the public defender's office could manipulate the time limits by simply waiting to enter his or her appearance.

Applying the Supreme Court's direction in <u>Stanley</u> to the facts before us, we conclude that the motion court appointed Creighton's counsel on March 8, 2013. Under Rule 29.15(g), the amended motion was due within 60 days, meaning the amended motion was due no later than May 7, 2013. Post-conviction counsel filed the amended motion on August 28, 2013. The amended motion was therefore untimely.[3]

There is no indication in the record before us that the motion court made an independent inquiry into whether Creighton was abandoned by counsel. The motion court ruled upon the amended motion with no reference to timeliness or abandonment. Because the amended motion was untimely filed, and because the motion court is the appropriate forum to conduct an inquiry into abandonment, we are left with no alternative but to remand this matter to the motion court so that it may conduct the legally-required inquiry. As our Supreme Court has held, upon remand, the "result of the inquiry into abandonment determines which motion—the initial motion or the amended motion—the court should adjudicate." <u>Moore</u>, 458 S.W.3d at 826.

### Conclusion

The motion court's judgment is reversed and the case is remanded to the motion court for

---

appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. Rule 24.035(g).

[3] On May 30, 2013, post-conviction counsel entered his appearance and requested thirty additional days to file the amended motion. The motion court granted that request on July 26, 2013. However, as explained above, the amended motion was due by May 7, 2013. As a result, the time for filing the amended motion had already expired by the time post-conviction counsel made his request for additional time.

an independent inquiry into whether Creighton was abandoned by post-conviction counsel and for further proceedings consistent with the outcome of the motion court's inquiry.

_____
KURT S. ODENWALD, Judge

Sherri B. Sullivan, P.J., concurs.
Patricia L. Cohen, J., concurs.

7