**Charles K. MOORE, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 104808**

Missouri Court of Appeals,
Eastern District,
DIVISION FOUR.

FILED: August 22, 2017

ATTORNEY FOR APPELLANT: Gwenda Renee Robinson, Missouri Public Defenders Office, 1010 Market Street, Suite 1100, St. Louis, MO 63101.

ATTORNEY FOR RESPONDENT: Joshua D. Hawley, Attorney General, Shaun J. Mackelprang, Assistant Attorney General, P.O. Box 899, Jefferson City, MO 65102.

## OPINION

Mary K. Hoff, Judge

Charles K. Moore ("Movant") appeals from the motion court's "Findings of Fact, Conclusions of Law, and Judgment" ("Judgment") denying his Rule 29.15 motion without an evidentiary hearing. We reverse and remand.

### Factual and Procedural Background

In 2010, following a jury trial, Movant was convicted of second-degree assault of a probation or parole officer, in violation of

Section 565.082, RSMo 2000.[1] The trial court later sentenced Movant as a persistent felony offender to fifteen years' imprisonment. Movant appealed his conviction and sentence to this Court, which issued its *per curiam* order and memorandum in State v. Moore, 362 S.W.3d 509 (Mo. App. E.D. 2012), affirming Movant's conviction. The mandate issued on April 18, 2012.

On June 20, 2012, Movant timely filed his *pro se* Rule 29.15 motion, and on the same day the motion court appointed counsel to represent Movant.

Appointed counsel untimely filed Movant's amended motion and request for evidentiary hearing on or about September 18, 2012, in which he alleged that his trial attorneys were ineffective for (1) filing a motion for an automatic change of judge and then withdrawing it against his wishes; and (2) failing to seek a change of judge because the judge presiding over his trial previously worked as a prosecuting attorney and was "involved" in a prior robbery prosecution of him in 1998.

On December 10, 2012, the motion court denied Movant's Rule 29.15 motion without an evidentiary hearing. Movant appealed, and, on April 14, 2015, the Missouri Supreme Court reversed and remanded Movant's cause for an independent inquiry into whether Movant was abandoned by post-conviction counsel. Moore v. State, 458 S.W.3d 822, 825-26 (Mo. banc 2015).

On June 4, 2015, post-conviction counsel filed a motion requesting that the motion court permit the untimely amended motion and alleged that the amended motion was untimely because "counsel or someone in counsel's office" failed to request an extension of time and that "Movant played no role in the amended motion filing date

calculation, and any late filing was due to counsel."

On June 5, 2015, the motion court conducted its inquiry, and post-conviction counsel reiterated that she was at fault for the untimely filing. The motion court found that "it was not Movant's fault" that an extension was not requested and that it "was counsel's fault," thereby reviving the amended motion.

On July 20, 2016, the motion court again denied Movant's amended motion. The motion court stated that it was denying Movant's motion "for the same reasons enunciated in December 2012" and restating the findings of fact and conclusions of law from the December 20, 2012 judgment in their "entirety."

In its 2012 judgment, the motion court found that the trial court had asked Movant at sentencing about his allegation that he wanted the judge disqualified. The motion court observed that defense counsel had stated at sentencing that the motion for change of judge had been withdrawn. Indeed, the sentencing transcript reflects that defense counsel stated: "At the time that [Movant's first attorney] talked to him she indicated in the file that he did not request a change of judge." The motion court then found that its own file indicated that "the motion to withdraw [sic] was withdrawn in [Movant's] presence and with his consent in open court September 3, 2010." A docket entry on that date indicated that Movant was present in court, and it stated, "Defendant's Motion to Withdraw, Motion for Change of Judge, sustained." The motion court also found that Movant had failed "to allege prejudice sufficient to trigger relief." The motion court observed that "cases have repeatedly held that simply because a trial judge may have received knowledge of facts through prior

---

1. Unless otherwise indicated, all further references are to RSMo 2000 as amended.

court hearings involving the defendant, the judge need not disqualify themselves for cause." The motion court concluded that Movant had not alleged "any objective facts that would necessitate disqualification." This appeal follows.

Additional facts pertinent to the points on appeal will be adduced as necessary in the discussion section below.

## Standard of Review

■ Appellate review of the motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made. Forrest v. State, 290 S.W.3d 704, 708 (Mo. banc 2009).

■ To be entitled to an evidentiary hearing, Movant must: (1) allege facts, not conclusions, that would warrant relief if true; (2) these facts must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to Movant. Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003). If the files and records of the case conclusively show that Movant is not entitled to any relief, no evidentiary hearing is required. Rule 29.15(h); Barnett, 103 S.W.3d at 769.

■ To prevail on a claim of ineffective assistance of counsel, a movant must establish by a preponderance of the evidence: (1) that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and (2) that counsel's deficient performance prejudiced defendant. Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006) (citing Strickland v. Washington, 466 U.S. 668, 687-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We "presume[ ] that counsel's conduct was reasonable and effective," and that any challenged action was part of counsel's reasonable trial strategy. Anderson, 196 S.W.3d at 33. A movant must satisfy both prongs of this test, and should the movant fail to establish either the performance or prejudice prong, we need not consider the other. Smith v. State, 276 S.W.3d 314, 317 (Mo. App. E.D. 2008).

## Discussion

Movant raises two points on appeal. Because both points address a failure to move for a change of judge, we address them together.

■ With respect to Point I, Movant argues that the motion court erred in denying his Rule 29.15 motion because he pleaded facts, not refuted by the record, that entitle him to relief on his claim that counsel was ineffective for unreasonably withdrawing a change-of-judge motion against Movant's wishes and that he was thereby prejudiced.

In his amended motion, Movant alleged he told trial counsel that he wanted a change of judge because, "Judge Martinez had been involved in prosecuting his 1998 robbery case out of Washington County (CR1098-3FX)." He alleged that despite his wishes, on September 3, 2010, trial counsel filed a motion for change of judge and then withdrew the motion the same day. He noted that on the public defender intake form in trial counsel's notes, trial counsel marked both that Movant had requested, and had not requested, a change of judge. He stated that "[a] red line is through those markings, and the word 'no' is next to Judge Martinez's name." Movant alleged that, at a hearing, trial counsel would have the opportunity to clarify what those markings mean and whether Movant wanted an automatic change of judge. He

also stated that "[n]o change of judge motion was filed" when trial counsel represented him.

Movant alleged that by not filing a change-of-judge motion in disregard of his express wishes, trial counsel acted unreasonably and that "[b]ecause trial counsel failed to act as reasonably competent counsel would have acted under the same or similar circumstances, trial counsel was ineffective." Movant alleged that a reasonably competent attorney would not have withdrawn the motion under the circumstances and no reasonable trial strategy reason justified withdrawal of the motion. Movant alleged that trial counsel's withdrawal of the motion prejudiced him because there is a reasonable probability that a different judge, who had not previously been involved in the prosecution of Movant, would have imposed a more lenient sentence than the one Movant received. He noted that Judge Martinez sentenced him to the maximum sentence of fifteen years' imprisonment, which was five years longer than the State's recommendation of ten years' imprisonment.

Movant requested an evidentiary hearing on his allegations, which the motion court denied concluding that Movant's allegation of ineffective assistance of counsel had no merit. The motion court took judicial notice of its own file in the underlying criminal case and found that "the motion to withdraw [sic] was withdrawn" in Movant's presence and with his consent in open court on September 3, 2010. The motion court further found that Movant had "failed to allege prejudice sufficient to trigger relief" and that Movant had not alleged "any objective facts that would necessitate disqualification."

Here, contrary to the State's contentions, the record is not consistent with the motion court's conclusion that Movant consented to the withdrawal of his motion for change of judge. While the docket entry and the change-of-judge motion reflect that the motion was filed on September 3, 2010, they do not unambiguously indicate that the motion was withdrawn, either with, or without, Movant's consent. Moreover, the motion court did not refer to any document, signed by Movant's counsel or Movant and entered as of record, by which Movant or his counsel withdrew the motion or indicated Movant's consent to the withdrawal. Instead, in finding that Movant consented to the withdrawal of the change-of-judge motion, the motion court only referenced page 168 of the trial transcript where trial counsel Amy Sanders stated: "As part of our procedure when we get an indictment and an application in court, the attorney whoever takes the application asks them whether they wish to proceed with change of judge or change of venue because I do know there is a timeliness requirement for those. At the time that [trial counsel Courtney Goodwin] talked to him she indicated in the file that he did not request a change of judge."

To justify the denial of an ineffective assistance of counsel claim, the record must be "specific enough to refute *conclusively* the movant's allegation." [Emphasis added.] State v. Driver, 912 S.W.2d 52, 56 (Mo. banc 1995). Here, trial counsel Sanders' unsworn statements about what trial counsel Goodwin indicated in the file do not support the motion court's findings and conclusions and do not conclusively refute Movant's allegation that trial counsel was ineffective for withdrawing a change-of-judge motion that Movant wished to be filed. Moreover, the record contains contradictory accounts about whether Movant wanted a change of judge and whether he consented to the withdrawal of the change-of-judge motion. Sanders' unsworn statement that Movant "did not request a change of judge" conflicts with the record

of the filing of a change-of-judge motion and the record of Movant's sworn statements to the trial court at sentencing where Movant told the trial court that he was dissatisfied with counsel's assistance, and that he did not "have a fair trial in this county." Specifically, Movant stated: "I ... had told [trial counsel] that I had been convicted of two robberies here in this county and [Judge Martinez] was one of the prosecutors of my case back then, and that is why I did not want to be in front of [her]."

Movant alleged in his amended motion that in her notes, Goodwin marked both that Movant had requested, and had not requested, a change of judge. He stated that "[a] red line is through those markings, and the word 'no' is next to Judge Martinez's name." These indications in the file contradict what Sanders said about what Goodwin indicated in the file, and place both Movant's desire for a change of judge and his consent to the withdrawal of the change-of-judge motion in genuine dispute.

Because the record is contradictory with respect to the contents of trial counsel's file notes, Movant's expressed desire for a change of judge, and Movant's alleged consent to withdrawal of the change-of-judge motion, the record does not conclusively refute the issue in dispute. As such, the record does not conclusively show that Movant is not entitled to an evidentiary hearing on his claim that trial counsel was ineffective for withdrawing a change-of-judge motion against his wishes, and the motion court erred in concluding otherwise.

With respect to Point II, Movant argues the motion court erred in denying his Rule 29.15 motion because trial counsel was ineffective for failing to move for a change of judge for cause based on the judge's prior involvement in prosecuting Movant for a 1998 robbery.

In his amended motion, Movant alleged he told trial counsel that he wanted a change of judge because "Judge Martinez had been involved in prosecuting his 1998 robbery case out of Washington County (CR1098-3FX)." He alleged that a reasonably competent attorney would have moved for a change of judge for cause because a reasonable person would have doubted the impartiality of the judge and under the circumstances and no reasonable trial strategy justified trial counsel's failure to move for a change of judge. Movant further alleged that, but for counsel's failure, there is a reasonable probability Movant would not have received the maximum sentence for his conviction, which was five years longer than the State's sentencing recommendation of ten years.

As noted under Point I, the record contains contradictory accounts about whether Movant wanted a change of judge and whether he consented to the withdrawal of the change-of-judge motion. Consequently, the record does not conclusively show that Movant is not entitled to relief of his claim that trial counsel was ineffective for failing to move for a change of judge for cause. Moreover, the determination of whether to request a change of judge was a matter of trial strategy cannot be made from the record alone.

### Conclusion

The Judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Colleen Dolan, Presiding Judge and Lisa S. Van Amburg, Judge, concur.