Gary M. Gaertner, Jr., Presiding Judge
Introduction
Gregory Hilliard (Movant) appeals from the motion court's judgment denying his motion under Rule 29.15[1] for post-conviction relief after an evidentiary hearing. We affirm.
Factual and Procedural Background
A jury convicted Movant of one count of first-degree statutory rape of a child less than twelve years old, in violation of Section 566.032.[2] The conviction stemmed from the following facts. Movant was dating the victim's mother. In 2010, it was discovered that the victim, age nine, had a sexually transmitted disease (STD), trichomonas vaginalis (trichomonas). In her first interview with a St. Louis Child Advocacy Center worker, the victim denied that *132 Movant had touched her inappropriately, but in a later interview with police, the victim disclosed that Movant raped her and had threatened to kill her if she told anyone. The trial court sentenced Movant as a prior offender to a term of twenty years. This Court affirmed Movant's conviction and sentence on appeal. State v. Hilliard, 414 S.W.3d 576 (Mo. App. E.D. 2013).
Movant timely filed a Rule 29.15 motion. The motion court appointed counsel, who filed an amended motion.[3] In his amended motion, Movant asserted that his trial counsel was ineffective for, inter alia , preventing Movant from testifying at trial in his own defense. At an evidentiary hearing on the motion, Movant testified that he wanted to testify, but trial counsel advised Movant he would not need to because the medical records would exonerate him, in that the medical records would demonstrate Movant did not have the same STD as the victim. After the trial court then excluded the medical records, Movant wanted to testify but counsel advised Movant not to testify because of his "past history." Movant stated he would have testified at trial that he never had any sexual contact with the victim. Movant agreed that when the trial court asked if he wanted to testify, he said he was not going to.
As well, Daniel Rousseau (Rousseau) testified that he represented Movant at trial. His initial trial strategy was to submit the medical records to clear Movant, until he discovered the medical records did not include a reliable test for the STD at issue, which is difficult to test in men, in that men can be carriers of the disease without testing positive. At that point, his trial defense became that the victim had initially denied any sexual contact with Movant. Rousseau discussed the change in trial strategy with Movant. Rousseau stated Movant's testimony was not vital to either theory. Rousseau did not recall specifically discussing with Movant whether Movant should testify, but he would have informed Movant that testifying might not be in his best interest because it would leave him open to cross-examination from the State. On cross-examination, the State refreshed Rousseau's memory that prior to the trial the State had provided him with or informed him of a police report of a 2009 accusation of sexual assault against Movant that could have been problematic for Movant if he testified. Rousseau stated his understanding was that Movant did not want to testify.
The motion court denied Movant's request for relief under Rule 29.15, finding the claim without merit in that Rousseau provided reasonable advice not to testify in line with a reasonable trial strategy and that Movant made the final decision not to testify. This appeal follows.
Standard of Review
Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). The motion court's findings of fact and conclusions of law are clearly erroneous only if the reviewing court, having examined the entire record, is left with the definite and firm *133 impression that a mistake has been made. Forrest v. State, 290 S.W.3d 704, 708 (Mo. banc 2009).
For relief based on claims of ineffective assistance of counsel, Movant must show by a preponderance of the evidence both that his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and that his counsel's deficient performance prejudiced him. Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006) (citing Strickland v. Washington, 466 U.S. 668, 687-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). We "presume[ ] that counsel's conduct was reasonable and effective," and that any challenged action was part of counsel's reasonable trial strategy. Anderson, 196 S.W.3d at 33 ; see also Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003).
Discussion
In his sole point on appeal, Movant contends the motion court erred in denying post-conviction relief after an evidentiary hearing because his trial counsel was ineffective for persuading Movant not to testify. He asserts his testimony would have both established he and the victim's mother, J.R., were sexually active during the time of the alleged rape but J.R. did not have trichomonas, and also would have corroborated the victim's initial statement that Movant did not rape her. We disagree.
Counsel is obligated to provide a defendant with "reasonably competent" advice regarding whether or not to testify, and we will not deem that advice ineffective if it might be considered a sound trial strategy. See Rousan v. State, 48 S.W.3d 576, 585 (Mo. banc 2001). Matters of trial strategy are "virtually unchallengeable" in ineffective-assistance claims. Williams v. State, 168 S.W.3d 433, 443 (Mo. banc 2005). Rousseau testified that his trial strategy after the trial court excluded the medical records was to focus on the victim's initial interview where she denied that Movant raped her, and that Movant's testimony was not vital to this trial strategy. Moreover, Rousseau was aware at trial that the State had information that in 2009 Movant had been accused of sexual assault, and thus it was risky for Movant to testify, because if he made blanket protestations of innocence or stated he had never been accused of or would never commit sexual assault, the State could have questioned Movant about the 2009 accusation. Under these facts, Movant has failed to show on appeal that his counsel's advice to him not to testify was unreasonable.
Regardless, we do not see that the outcome of the case would have been different if Movant had testified in his own defense, and thus Movant failed to show that any alleged deficiencies in his counsel's performance prejudiced him. See Anderson, 196 S.W.3d at 33. Movant claims on appeal he would have testified at trial to two things that would have changed the outcome of the trial. First, he asserts he would have testified at trial that he and J.R. were sexually active during the time of the alleged rape but J.R. did not have trichomonas, which he argues would have proven he did not have trichomonas and thus could not have been sexually active with the victim, who did have trichomonas. However, our review of the record shows Movant did not, in fact, state at the evidentiary hearing that he would have testified at trial that J.R. did not have trichomonas, nor did the record support this assertion. Rather, in the amended Rule 29.15 motion, Movant asserted that J.R. "once had trichomonas vaginalis" but "did not indicate she suffered from such an infection during this time period." Looking at the record, there is nothing suggesting that Movant *134 was not in fact a carrier of trichomonas. Movant's testimony that he had been sexually active with a woman who had previously had trichomonas but who did not declare or deny if she was currently suffering from it, would neither have proven Movant did not have trichomonas nor would have provided him a defense to the charge of rape. To prevail on a claim of ineffective assistance of counsel for failure to call a witness, the movant must show what the witness would have testified to and that the witness' testimony would have aided the defense. See White v. State, 939 S.W.2d 887, 896 (Mo. banc 1997). Movant has failed to meet this burden here.
Second, Movant also asserts on appeal he would have testified to his innocence if given the opportunity to testify at trial. Other than his self-serving assertions of innocence, Movant has not asserted any facts not already in the record sufficient to contradict the victim's testimony of Movant's abuse, which the jury believed. See State v. Hawkins, 328 S.W.3d 799, 814 (Mo. App. S.D. 2010) (in sexual abuse cases, victim's uncorroborated testimony alone is generally sufficient to support conviction). Movant has failed here to show he was prejudiced by his failure to testify, because there was not a reasonable probability that if he had testified, the result of the proceeding would have been different. See Rousan, 48 S.W.3d at 586. After reviewing the record, we do not have a definite and firm impression the motion court erred in denying Movant's amended motion for post-conviction relief, and thus the findings and conclusions of the motion court are not clearly erroneous. See Rule 29.15(k).
Point denied.
Conclusion
The judgment of the motion court is affirmed.
Robert M. Clayton III, J., concurs.
Angela T. Quigless, J., concurs.

All rule references are to Mo. R. Crim. P. (2015), unless otherwise indicated.

All statutory references are to RSMo (Cum. Supp. 2006), unless otherwise noted.

Counsel entered his appearance on January 13, 2015, and on March 13, 2015 he requested a thirty-day extension to file an amended motion. The motion court did not rule on the motion, and thus when counsel filed his motion on April 9, 2015, it was untimely. Movant requested that the motion court consider his late-filed amended motion as timely, noting the delay was not due to Movant but was due to counsel. The motion court accepted counsel's representations as to abandonment and treated the amended motion as timely filed. See Moore v. State, 458 S.W.3d 822, 825 (Mo. banc 2015).