

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| DWIGHT MOORE, | ) | No. ED110189 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 1722-CC10972 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Michael F. Stelzer |
| | ) | |
| Respondent. | ) | Filed: January 31, 2023 |

Kelly C. Broniec, P.J., Philip M. Hess, J., and James M. Dowd, J.

### Introduction

This is an appeal from the motion court's denial after an evidentiary hearing of appellant Dwight Moore's Rule 29.15[1] motion for post-conviction relief. In the underlying case, Moore was convicted of one count of resisting a lawful stop and three counts of first-degree child endangerment after he fled from the police with three young children in the back seat. We affirmed the convictions on Moore's direct appeal in which he claimed the trial court erred by failing to define "acted with criminal negligence" which is part of the approved instruction for the lesser-included offense of second-degree child endangerment. MAI–CR 3d 322.11.

In his 29.15 motion, Moore claimed, *inter alia*, that trial counsel rendered ineffective assistance by failing to include the definitions of "knowingly" and "acted with criminal negligence" in the jury instructions proffered to the court. The motion was denied.

---

[1] All rule references are to the Missouri Supreme Court Rules (2015).

Moore now claims that the motion court clearly erred, in violation of Rule 29.15(j), by failing to issue findings of fact and conclusions of law on his claim that trial counsel failed to include the MAI–CR definition of "acted with criminal negligence" in the instruction he offered. He argues, therefore, that we must remand the matter to the motion court to make the requisite findings and conclusions. Moore's second point argues that the motion court clearly erred in finding that trial counsel was not ineffective when counsel failed to offer an alternative to the State's first-degree child endangerment instruction that included the definition of "knowingly," and further failed to offer the definition of "acted with criminal negligence" in the second-degree child endangerment instruction. Finding no clear error on either claim, we affirm the motion court's denial for the reasons set forth below.

### Background

On October 25, 2012, the St. Louis Metropolitan Police Department conducted an undercover investigation pursuant to which an officer arranged to buy heroin from Reginald Saddler near Fairground Park in St. Louis, Missouri. Saddler arrived at the location in a vehicle owned and driven by appellant Moore. When the sale was complete, the officer communicated that fact to other officers who then followed Moore from a distance as he drove his vehicle to a nearby street. The officers watched Moore park the vehicle and then begin conversing through the window with a man on foot.

The officers decided to arrest Moore and Saddler at that point. One officer pulled up and stopped his unmarked police vehicle behind Moore's vehicle with the siren on and the lights flashing. Several other officers approached Moore's vehicle on foot and asked Moore and Saddler to exit the vehicle. Upon seeing the officers, Moore began driving away, striking with his vehicle the man with whom he had been speaking. He fled at a high rate of speed with the police in pursuit.

2

During the pursuit, Moore continued speeding through residential streets and through an intersection without stopping at a stop sign. The police used spike strips to force Moore to stop, at which time he was arrested.

Officers found three children, ages two, three, and seven, in the backseat of Moore's vehicle. None of them had on seatbelts or safety restraints. The children were in the vehicle during the drug transaction, the police officers' initial arrest attempt, and while Moore fled from police.

A jury convicted Moore of one count of resisting a lawful stop and three counts of first-degree child endangerment. The trial court sentenced Moore to seven years in prison for resisting a lawful stop and thirteen years in prison for each of the three counts of first-degree child endangerment. Two of the child endangerment sentences were to run consecutively while the remainder of the sentences were to run concurrently, for a total of twenty-six years in prison. On direct appeal, we affirmed his convictions in *State v. Moore*, 518 S.W.3d 87 (Mo. App. E.D. 2017) and issued our mandate on June 1, 2017.

On October 16, 2017, Moore's appointed counsel timely filed a Rule 29.15 amended motion for post-conviction relief alleging ineffective assistance of counsel which the motion court denied after an evidentiary hearing. Moore now appeals the motion court's judgment and contends that the court clearly erred (1) by failing to issue findings of fact and conclusions of law on all claims as required by Rule 29.15(j) and (2) by denying his motion because trial counsel rendered ineffective assistance of counsel by failing to proffer the instructional definitions of "knowingly" and "acted with criminal negligence." Finding no clear error, we affirm the motion court's judgment.

**Standard of Review**

We review the denial of a Rule 29.15 motion for post-conviction relief to determine whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k);

3

*Hannon v. State*, 491 S.W.3d 234, 242 (Mo. App. E.D. 2016) (citing *Moore v. State*, 328 S.W.3d 700 (Mo. banc 2010)). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *McCoy v. State*, 431 S.W.3d 517, 520 (Mo. App. E.D. 2014). We presume that the motion court's findings are correct. *Id.* And we must uphold a motion court's judgment if it is sustainable on any ground. *McGuire v. State*, 523 S.W.3d 556, 563 (Mo. App. E.D. 2017).

The two-pronged *Strickland* test is applied in cases where a movant claims post-conviction relief based upon ineffective assistance of trial counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Zink v. State*, 278 S.W.3d 170, 175–76 (Mo. banc 2009). The movant must prove the following two elements by a preponderance of the evidence: (1) that counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney and (2) that as a result thereof, the movant was prejudiced. *Zink*, 278 S.W.3d at 175.

To succeed on the performance prong, the movant must overcome a strong presumption that counsel's performance was reasonable and effective by showing specific acts or omissions that, under the circumstances, fell outside the wide range of effective assistance. *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018). To satisfy the prejudice prong, the movant must show that there is a reasonable probability that, but for counsel's alleged errors, the outcome would have been different. *Id.* If the movant fails to establish either prong, "then we need not consider the other and the claim of ineffective assistance must fail." *Roberts v. State*, 535 S.W.3d 789, 797 (Mo. App. E.D. 2017).

## Discussion

### *Point I*

In his first point, Moore argues that the motion court neglected to issue findings and conclusions as required by Rule 29.15(j) on his claim that trial counsel was ineffective for failing

4

to proffer the mandatory definition of "acted with criminal negligence" within the instruction for second-degree child endangerment. MAI–CR 3d 322.11. While the motion court did not specifically address this allegation of ineffective assistance, we find that remand is not required under the circumstances.

"Although Rule 29.15 requires findings and conclusions for all issues presented [in a post-conviction motion], it has been found that not every failure to enter a finding or conclusion for an issue requires reversal and remand." *Bowens v. State*, 118 S.W.3d 118, 120 (Mo. App. E.D. 2000). Missouri courts have long recognized that an appellate court "will not order a 'useless remand' for the motion court to consider an issue 'where it is clear that movant is entitled to no relief as a matter of law.'" *Ervin v. State*, 80 S.W.3d 817, 825–26 (Mo. banc 2002) (quoting *Middleton v. State*, 80 S.W.3d 799, 810 (Mo. banc 2002)); *see also State v. Hall*, 982 S.W.2d 675, 679 (Mo. banc 1998); *White v. State*, 939 S.W.2d 887, 903 (Mo. banc 1997). We find this exception to Rule 29.15(j) to be applicable here because Moore suffered no prejudice as a result of trial counsel's reasonable trial strategy and, applying the two-pronged *Strickland* test, it is clear from the record that Moore is not entitled to relief as a matter of law.

On direct appeal, this Court found that trial counsel "submitted an incorrect jury instruction . . . for second-degree child endangerment" because the proffered instruction was missing the mandatory language that "explains the meaning of the phrase 'acted with criminal negligence.'" *Moore*, 518 S.W.3d at 887. In his 29.15 motion, Moore claimed that trial counsel was ineffective as a result of this error because had the jury been given the definition required by MAI–CR 3d 322.11, he would have been convicted of misdemeanor second-degree child endangerment—a lesser-included offense.

In order to prevail on a claim of ineffective assistance of counsel, a movant "must overcome the presumption that trial counsel's actions are a matter of trial strategy." *Barnett v. State*, 103 S.W.3d 765, 771 (Mo. banc 2003). At the evidentiary hearing, trial counsel explained

that in cases where there is strong evidence against his client, it is part of his trial strategy to sow confusion among the jury in hopes they will acquit or be unable to reach a unanimous verdict. He testified that this was his strategy in withholding the definitions of "knowingly" and "acted with criminal negligence" in Moore's criminal trial as it is his belief that clear and accurate definitions would have been more favorable to the State. Furthermore, trial counsel testified that he provided the jury a more lenient definition of "acted with criminal negligence" during closing argument in lieu of the stricter MAI–CR definition. "An objectively reasonable choice not to submit an available instruction does not constitute ineffective assistance of counsel." *Shockley v. State*, 579 S.W.3d 881, 913 (Mo. banc 2016). Because trial counsel had legitimate strategic reasons for not conforming the second-degree child endangerment instruction to the mandatory language provided by MAI–CR 3d 322.11, Moore cannot overcome the presumption that counsel's performance was reasonable and effective.

Moreover, Moore's burden here is to prove that he suffered prejudice by virtue of the erroneous instruction such that the result of the trial would have been different. *See Strickland*, 466 U.S. at 694. We are dubious that Moore can meet this burden. As this Court found on direct appeal, "it is not reasonable to conclude that had the definitions of 'knowingly' and 'acted with criminal negligence' been provided, the jury would have been more likely to convict Moore of the lesser offense" in light of the "overwhelming evidence that Moore knowingly endangered the children." *Moore*, 518 S.W.3d at 888. The jury heard testimony that the three children in Moore's vehicle were not restrained by car seats or seatbelts at the time the police approached the vehicle, or as Moore fled police at high speed and committed numerous traffic violations. *Id.*

Thus, there is no need to remand this matter to the motion court for findings and conclusions on the claim that trial counsel was ineffective for failing to include the definition of "acted with criminal negligence" in his proffered instruction because it is clear from the record that Moore is entitled to no relief as a matter of law. Point I is denied.

*Point II*

As we held in Point I, Moore cannot prove that but for trial counsel's failure to proffer jury instructions that included the definitions of "knowingly" and "acted with criminal negligence," there is a reasonable probability that the result at trial would have been different. Accordingly, in the absence of such prejudice, we conclude the motion court did not clearly err in rejecting Moore's ineffective assistance claim. Point II is denied.

**Conclusion**

The motion court's judgment is affirmed.

_____
James M. Dowd, Judge

Kelly C. Broniec, P.J., and
Philip M. Hess, J., concur.

7